Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Rodney Lee Long, Appellee.

Submitted on briefs, February 2, 1978, to Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General for appellant.

*James M. Schall,* for appellee.

OPINION BY JUDGE ROGERS, February 28, 1978:

The Department of Transportation of the Commonwealth of Pennsylvania (Department) has appealed from an order of the Franklin County Court of Common Pleas dated December 17, 1976 reversing the action of the Secretary of Transportation suspending

the operating privileges of the appellee, Rodney Lee Long.

On July 27, 1976 Long pleaded guilty to corrupting the morals of minors in violation of Section 3125(a) of the Crimes Code, Act of December 6, 1972, P.L. 1482, *as amended,* 18 Pa. C.S. §3125(a). The court suspended sentence for six months upon the conditions that Long would pay costs and $300 to the use of the County and be on probation. The Clerk of Courts certified Long's conviction to the Department of Transportation. The Secretary of Transportation suspended Long's operating privileges for a year, pursuant to Section 618(a)(2) of the Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §618(a)(2).[1] The order of suspension was issued and mailed to Long by the Department's Bureau of Traffic Safety on September 23, 1976. Long appealed the order to the Court of Common Pleas of Franklin County on October 27, 1976.

After a hearing, the court below sustained Long's appeal and ordered reinstatement of his operating privileges on the ground that the Department had failed to prove that Long used a motor vehicle in the Commission of the misdemeanor of which he was convicted. The Department of Transportation has appealed that decision to this Court.

The Department raises two issues in its appeal: (1) whether Long's appeal to the court below was timely under Section 620 of the Vehicle Code (Act of 1959), 75 P.S. §620; and (2) whether the court below erred in concluding as a matter of law that the Com-

---

[1] The statute cited authorizes the Secretary to suspend on conviction of a misdemeanor "in the commission of which a motor vehicle . . . was used". This provision was repealed coincident with the effective date, July 1, 1977, of the new Vehicle Code, Act of June 17, 1976, P.L. 162, 75 Pa. C.S. §101 et seq.

monwealth had failed to prove that a motor vehicle was used in the commission of the misdemeanor. We need not reach the second issue because Long's appeal to the Franklin County Court of Common Pleas was not timely and therefore the court below was without jurisdiction.

Although the Commonwealth did not raise the issue of the timeliness of Long's appeal in the court below, it may raise the matter here because it goes to the court's jurisdiction to act at all in the premises. *Department of Transportation, Bureau of Traffic Safety v. Forte,* 29 Pa. Commonwealth Ct. 415, 371 A.2d 526 (1977).

Section 620 provides:

> Any person whose operator's license or learner's permit has been suspended, or who has been deprived of the privilege of applying for an operator's license or learner's permit under the provisions of this Act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides. . . .

The Department correctly argues that the 30 day appeal period runs from the date that the notice of the suspension order is mailed to the licensee and not, as Long contends, from the time the notice is received. This precise issue was addressed in *Department of Transportation, Bureau of Traffic Safety v. Forte, supra,* in which we held that the date upon which the suspension order is mailed is the date on which the thirty day appeal period begins to run. The notice of the suspension order in this case was mailed to Long on September 23, 1976. An appeal to be timely would be required to be filed on or before October 22, 1976. Long's appeal filed October 27, 1976 was

five days late. The Franklin County Court of Common Pleas did not have jurisdiction to entertain the appeal and we therefore vacate its order and reinstate the Department's order of suspension.

ORDER

AND Now, this 28th day of February, 1978, the order of the Franklin County Court of Common Pleas, dated December 17, 1976, in the above-captioned matter is vacated, and the order of the Department of Transportation suspending the operating privileges of Rodney Lee Long is hereby reinstated.