Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Robert Slabaugh, Appellee.

Argued November 16, 1979, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Francis P. Bach,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, *Edward G. Biester, Jr.,* Attorney General, and *Gerald Gornish,* Attorney General, for appellant.

*Jack R. Heneks, Jr.,* with him *Russell I. Jenkins,* for appellee.

OPINION BY JUDGE MENCER, January 17, 1980:

The Department of Transportation (Department) has appealed an order of the Court of Common Pleas of Fayette County which reversed the Department's revocation of the motor vehicle operating privilege of Robert Slabaugh (Slabaugh). We reverse.

Pursuant to Section 616 of The Vehicle Code,[1] *formerly* 75 P.S. §616, the Department revoked Slabaugh's license for one year after it had received notice that Slabaugh had been convicted of driving under the influence of alcohol. Notice of the Department's action was mailed to Slabaugh on March 23, 1978. On April 27, 1978, Slabaugh filed his appeal with the lower court.

The Department argues that Slabaugh's appeal to the court below was untimely.[2] We agree.

At the time in question, Section 1550(a) of the Vehicle Code, 75 Pa. C.S. §1550(a),[3] provided, in pertinent part:

_____

[1] Act of April 29, 1959, P.L. 58, *as amended,* repealed by Section 7(a) of the Act of June 17, 1976, P.L. 162, *as amended.* A similar provision is now found in the Vehicle Code, 75 Pa. C.S. §1532.

[2] Although the Department failed to raise this issue in the lower court, it may be raised here since the timeliness of an appeal affects the subject-matter jurisdiction of an appellate court. *Department of Transportation, Bureau of Traffic Safety v. Long,* 34 Pa. Commonwealth Ct. 64, 383 A.2d 540 (1978).

[3] Subsequent to Slabaugh's appeal, Section 1550 was amended by Section 13(7) of the Judiciary Act Repealer Act, Act of April 28,

> Any person denied a driver's license or whose operating privilege has been . . . revoked by the department shall have the right to appeal by filing a petition *within 30 days from the date notice is mailed* for a hearing in the court of common pleas of the county in which the driver resides. . . . (Emphasis added.)

As indicated by the emphasized language and as previously held by this Court in interpreting Section 1550's predecessor,[4] the 30-day appeal period commences on the date the notice of revocation is mailed, not the date it is received. *Commonwealth v. Klinedinst*, 34 Pa. Commonwealth Ct. 110, 383 A.2d 236 (1978); *Department of Transportation, Bureau of Traffic Safety v. Forte*, 29 Pa. Commonwealth Ct. 415, 371 A.2d 526 (1977). Since it is undisputed that the Department mailed its revocation notice on March 23, 1978 and Slabaugh perfected his appeal below on April 27, 1978, his appeal was 5 days late. Accordingly, we reverse the order of the lower court and reinstate the Department's revocation order.

### Order

And Now, this 17th day of January, 1980, the order of the Court of Common Pleas of Fayette County in the above captioned case, dated October 10, 1978, is reversed, and the order of the Department of Transportation revoking the motor vehicle operating privilege of Robert Slabaugh is reinstated.

This decision was reached prior to the expiration of the term of office of Judge DiSalle.

---

1978, P.L. 202, to conform to the Judicial Code. *See* the Judicial Code, 42 Pa. C.S. §§5571, 5572, for the current substantive provisions governing the time for appeals.

[4] Section 620 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, formerly 75 P.S. §620, repealed by Section 7(a) of the Act of June 17, 1976, P.L. 162, *as amended*.