Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Wesley A. Rogers, Jr., Appellee.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 10, 1980:

This is an appeal by the Pennsylvania Department of Transportation (Department) from an order of the Court of Common Pleas of Allegheny County that reversed the Department's revocation of the motor vehicle operating privilege of the instant appellee, Wesley A. Rogers, Jr. We reverse the order of the court below.

Pursuant to Section 616 of The Vehicle Code,[1] formerly 75 P.S. §616, the Department revoked Rogers' license for one year, after receiving a certified record of his conviction for driving under the influence of alcohol. The Department mailed notice of its action to Rogers on June 16, 1978. On August 14, 1978 Rogers filed his appeal with the lower court.

As of the date the Department mailed its notice, Section 1550(a) of the Vehicle Code, 75 Pa. C. S. §1550 (a) was in effect; and it provided, in pertinent part, as follows:

Any person . . . whose operating privilege has been . . . suspended or revoked by the department shall have the right to appeal by filing a petition *within 30 days from the date notice is mailed* for a hearing in the court of common pleas. . . . (Emphasis added.)

By the time Rogers filed his appeal with the court below, the above Section had been amended to conform to the appeal time prescribed by Sections 5571 and 5572 of the Judicial Code, 42 Pa. C. S. §5571, 5572. However the requirement remained the same: the appeal to the lower court must be filed within 30 days of the date the Department mailed the notice.

[1]Act of April 29, 1959, P.L. 58, *as amended,* repealed by Section 7(a) of the Act of June 17, 1976, P.L. 162, *as amended.* A similar provision is now found in the Vehicle Code, 75 Pa. C. S. §1532.

Rogers did not file his appeal with the lower court until 58 days after the Department had mailed the notice; he was 28 days beyond the statutorily prescribed appeal period. Therefore, the lower court had no jurisdiction to entertain his appeal; and we must reverse the court's decision for that reason. *Department of Transportation, Bureau of Traffic Safety v. Slabaugh,* 48 Pa. Commonwealth Ct. 536, 410 A.2d 908 (1980).

### ORDER

AND Now, the 10th day of September, 1980, the order of the Court of Common Pleas of Allegheny County at No. SA 889 of 1978 is reversed.