John C. Wert, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs November 14, 1983, to Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

*Stanton D. Levenson,* for appellant.

*Gareth W. Rosenau,* Assistant Counsel, with him *Harold H. Cramer,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE CRAIG, December 13, 1983:

Appellant John C. Wert has appealed from an order of the Court of Common Pleas of Beaver County, rejecting Wert's request for an appeal nunc pro tunc from multiple revocations of his motor vehicle operator's license by the Pennsylvania Department of Transportation. The department mailed its notice of the last of the revocations—which aggregate thirteen years' loss of driving privileges, until 1992—to Wert's mailing address in February of 1980, but he brought no petition to the court until November, 1981, more than a year beyond the last of the thirty-day appeal periods.

Because the trial court dismissed Wert's petition without a hearing, the question is whether the averments of the petition, assuming them to be true, would warrant relief.

Wert's petition acknowledges that, while he was away at a school in Ohio, the February, 1980 notice came to his mailing address in Grove City, Pennsylvania, the residence of a named couple. The petition further avers:

14. All of the aforesaid revocation notices were received by Mrs. [          ]; however, conversations she had had with the Department

of Transportation led her to believe that the revocations were a mistake and would be rectified.

15. Because of Mrs. [      ]'s aforesaid belief, she failed to advise Petitioner of the revocations until after the appeals periods had expired.

In addition, the petition alleges that Wert's failure to appeal was "due to his youth, inexperience and lack of proper advice, and to confusion created by the Department of Transportation. . . ." The petition states that Wert was twenty-three years old.

The averments lead us to question the judgment of Wert's mail recipient who, regardless of any matter of confusion, could simply have forwarded the notice, or advice concerning its content, to the person to whom it was directed. Although the Pennsylvania Supreme Court perhaps signaled a broader judicial view toward nunc pro tunc appeals in *Bass v. Commonwealth*, 485 Pa. 258, 401 A.2d 1133 (1979) (delayed filing excused by illness of attorney's secretary), *Bass* and a very recent series of decisions in this court have considered allowing appeals only where the obstacle to filing was beyond the control of the would-be appellant and that party's designees: *Perry v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 388, 459 A.2d 1342 (1983) (mechanical failure of law clerk's car); *Tony Grande, Inc. v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 566, 455 A.2d 299 (1983) (hospitalization of counsel). Even more recently, in *Walker v. Unemployment Compensation Board of Review*, 75 Pa. Commonwealth Ct. 116, 461 A.2d 346 (1983), we held that an averment of the post office's failure to forward an appeal notice warranted a remand for a hearing on the nunc pro tunc petition. However, as

distinguished from the unavoidability of reliance upon the post office, we have held that, if the delay results from the negligence of a third party whom the petitioner has chosen, the extension of time for appeal cannot be justified. *Tulay v. General Phone Corp.,* 40 Pa. Commonwealth Ct. 229, 397 A.2d 45 (1979). Therefore, to the extent that the averments suggest that Wert's mail recipient failed to forward the notices, no appeal is warranted; a policy of extending appeal times on the basis of the negligence of a party's own agents would be logically insupportable, partly because it could encourage abuses.

However, there is here the reiterated averment that confusion generated by the department was the cause of the breakdown in communication. Although that averment does not charge the department with wrongful, negligent or fraudulent conduct (*Board of School Directors of Avon Grove School District v. Department of Education,* 31 Pa. Commonwealth Ct. 89, 375 A.2d 851 [1977]), and although the failure to forward *six* notices is very hard to characterize as rational, we have recently reaffirmed that allegations of misdirection by the public agency warrant at least a hearing to consider evidence in support of the averments. *Roderick v. State Civil Service Commission,* 76 Pa. Commonwealth Ct. 329, 463 A.2d 1261 (1983); *see also Tarlo v. University of Pittsburgh,* 66 Pa. Commonwealth Ct. 149, 443 A.2d 879 (1982).

Recognizing that the trial court did not have available the recent decisions cited above, our conclusion is to remand for a hearing upon the appeal request, so that the petitioner will have an opportunity to present such evidence as may exist to show that "confusion created by the Department of Transportation," and not inadvertence or error on the part of Wert's designee, justified failure to file six appeals. How-

ever, with respect to the further averments on behalf of Mr. Wert, an adult, we rule that, as a matter of law, "his youth, inexperience and lack of proper advice" can supply no justification for the very great extension of appeal time here requested.

### ORDER

Now, December 13, 1983, the order of the Common Pleas Court of Beaver County, dated November 20, 1981, is vacated, and the matter is remanded for a hearing on the petition in accordance with the opinion.

Jurisdiction relinquished.