## Commonwealth v. Tressler

*Dale A. Cable, assistant counsel,* for Department of Transportation.
*Carolann A. Young,* for defendant.

FIKE II, *J.*, June 17, 1986 — This case is before the court for disposition of defendant's appeal from an order of the Department of Transportation suspending defendant's vehicle operator's license for a period of 30 days.

The commonwealth has moved to quash the appeal as untimely. The chronology is as follows.

As a result of a speeding conviction in September 1983, a hearing was held before a representative of the Department of Transportation on January 30, 1984. After the hearing, the department determined that defendant's operator's privileges should be suspended for a period of 30 days pursuant to Motor Vehicle Code, 75 Pa.C.S. §1538. According to the certified copies of defendant's driving record, the notice of suspension was mailed on March 26, 1984,

to defendant at his address at R.D. 1, Meyersdale, Pa. 15552.

The appeal from the suspension, however, was not filed until April 1, 1985.

In explanation of the delay in filing the appeal, defendant testified that he did not receive the notice of suspension mailed March 26, 1984, and that he first learned of the suspension when he applied for insurance in March 1985. Upon application for that insurance, defendant was advised that he had been assigned to the Pennsylvania Assigned Risk Plan. When defendant applied for insurance through the assigned insurance company, however, that company advised defendant by letter of March 26, 1985, that the insurance could not be written because he did not hold a currently valid operator's license. Subsequently, on or about March 28, 1985, defendant visited the Pennsylvania State Police barracks at Somerset and obtained a computer printout of his motor vehicle record, which likewise confirmed that his license was under suspension. Defendant then filed the instant appeal on April 1, 1985.

At the hearing, defendant testified that in March and April 1984, he maintained two addresses — one at R.D. 1, Meyersdale, Pa., and another at 837 East Main St., Somerset, Pa. Defendant testified, however, that his driver's license always showed a residence of R.D. 1, Meyersdale, Pa. We note also that on the citation for speeding which triggered the subject suspension, defendant's address is given as R.D. 1, Meyersdale, Pa. 15552. Defendant further testified that his job in March and April 1984 required him to move around, but that he had made arrangements for his mail to be picked up by his wife at the Somerset address and by other family members at his Meyersdale address.

Defendant also testified that he had received other certified mail sent to the R.D. 1, Meyersdale, Pa. address.

At trial, the commonwealth offered into evidence a certified copy of defendant's driving record, certified as of January 22, 1986, as commonwealth exhibit 1. This exhibit was admitted into evidence over the objection of defendant's counsel.

Defendant offered into evidence a separate certified copy of defendant's driving record as defendant's exhibit A. This exhibit, properly certified as of June 3, 1985, also was admitted into evidence.

A review of commonwealth's exhibit 1 and defendant's exhibit A reveals that both certifications recite the same basic facts with respect to defendant's driving record, although in different language. On defendant's exhibit A, however, the entry which certifies the mailing of the subject suspension notice, contains the following notation: "Subject never received suspension notice. Official notification returned to the dept. unclaimed." Commonwealth's exhibit 1 does not contain this notation.

Defendant contends that late filing of his appeal is excusable, since he did not know of the subject suspension until late March 1985, when he received information regarding his suspension from his insurance company, and since he then promptly filed the instant appeal on April 1, 1985.

In addition to contesting the commonwealth's motion to quash his appeal as untimely, defendant contends on the merits that (1) the suspension is faulty since the notice of suspension was not mailed within six months after the speeding conviction, in violation of Motor Vehicle Code, 75 Pa.C.S. §1551; and (2) the Department of Transportation abused its discretion in deciding that a 30-day suspension was warranted in defendant's case.

## DISCUSSION

Motor Vehicle Code, 75 Pa.C.S. §1550 governs judicial review of suspension orders and provides, in part, as follows:

"(a) General rule.—Any person denied a driver's license or whose operating privilege has been recalled, cancelled, suspended or revoked by the department shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)."

Judicial Code, 42 Pa.C.S. §933(a)(1) vests the court of common pleas with jurisdiction of appeals from license suspensions by the Department of Transportation.

Judicial Code, 42 Pa.C.S. §5571(b) provides that appeals must be filed in the court of common pleas within 30 days of the entry of the order from which the appeal is taken. Judicial Code, 42 Pa.C.S. §5572 further provides that the date of service of an order of a government unit shall be the date of mailing if service is by mail, and that such date shall be deemed to be the date of entry of the order.[1]

In the instant case, the record certifications introduced into evidence by both the department and defendant show that the subject notice of suspension was mailed on March 26, 1984, to defendant at his address at R.D. 1, Meyersdale, Pa., 15552. The appeal was not filed until April 1, 1985. Since the appeal was not filed until more than a year after the notice was mailed, the appeal obviously is untimely unless defendant has shown an exception to the rule.

---

1. Compare *Brierwood Enterprises v. Meigs*, 42 Somerset Legal Journal 253, 33 D.&C.3d 641 (1983).

Defendant has submitted proof which proves to our satisfaction that he, in fact, did not receive the notice mailed by the department. On defendant's exhibit A, a properly certified summary of defendant's driving record, across from the speeding violation entry which triggered the subject suspension, in the space entitled "action taken by department," and after the notation of mailing of the suspension notice, the following language appears: "Subject never received suspension notice. Official notification returned to the dept. unclaimed." Although we question whether the statement reading "Subject never received suspension notice," contained in the exhibit, is admissible to prove the truth of that statement, we believe that the entry on defendant's exhibit A, reading: "Official notification returned to the dept. unclaimed" is admissible as an official entry to show that the notice, in fact, was returned to the department.

Defendant's testimony corroborates the fact that he did not receive the notice, and that he first received information about the suspension in the latter part of March 1985. We further must conclude that defendant then acted promptly in filing the appeal just several days after he received the information that his driver's record showed his license to be suspended.

Timeliness of an appeal, whether to an appellate court or common pleas court, is a jurisdictional question. An extension of a statutory appeal period can not be granted as a matter of grace or mere indulgence. Traditionally such an extension has been limited to cases where there is fraud or some breakdown in the court's operation, *Lawrence v. Commonwealth of Pennsylvania, Labor Relations Board*, 79 Pa. Commw. 14, 469 A.2d 145 (1983), or, at the most, if the delay has been caused by non-

negligent conduct of the defendant's attorney. *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979).

In the instant case, defendant can not successfully claim fraud or breakdown in the court's operation, but apparently does contend that responsibility to file the appeal can not arise until notice of the governmental action is actually received.

It is clear that, under 42 Pa.C.S. §§5571 and 5572, the appeal period begins to run on the date the order is mailed, even though receipt may occur some days later. *Windrick v. Commonwealth,* 80 Pa. Commw. 401, 471 A.2d 924 (1984); *Commonwealth, Department of Transportation v. Slabaugh,* 48 Pa. Commw. 536, 410 A.2d 908 (1980). The question in the instant case, however, is whether defendant is bound to file his appeal within 30 days of the date of mailing of the notice, when the evidence shows defendant, in fact, did not receive the notice.

We believe that under the facts in the instant case, we would not be justified in extending the appeal period and that we can not permit defendant's appeal to proceed nunc pro tunc.

Defendant's official address, as shown on his driver's license, throughout the period here involved was R.D. 1, Meyersdale, Pa., 15552. The department properly mailed the notice to that address. Although defendant testified he had made arrangements with his family to pick up his mail, obviously this was not done, since the notice was returned to the department unclaimed. We, therefore, have concluded that responsibility for the failure to receive the notice must be attributed to defendant.

In *Wert v. Commonwealth, Department of Transportation,* 79 Pa. Commw. 79, 468 A.2d 542 (1983), appellant was away at school and the person in

charge of his mailing address failed to forward the notices received from the department. The court refused to permit an extension of the appeal period, stating:

"Although the Pennsylvania Supreme Court perhaps signaled a broader judicial view toward nunc pro tunc appeals in *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979) (delayed filing excused by illness of attorney's secretary), *Bass* and a very recent series of decisions in this court have considered allowing appeals only where the obstacle to filing was beyond the control of the would-be appellant and that party's designees." (citations omitted). Id. at 543-544.

The court went on to say:

"Therefore, to the extent that the averments suggest that Wert's mail recipient failed to forward the notices, no appeal is warranted; a policy of extending appeal times on the basis of the negligence of a party's own agents would be logically unsupportable, partly because it could encourage abuses." Id. at 544.

In the instant case, therefore, we can not accept the failure of defendant's family to claim the mailed notice as an excuse to extend the appeal period.

We note further that in *Wert*, supra, the court did indicate that if the nonreceipt of the notice was due to misdirection by the department or caused by a failure of the post office, an extension of the appeal period might be justified. See *Walker v. Unemployment Compensation Board of Review*, 75 Pa. Commw. 116, 461 A.2d 346 (1983); *Board of School Directors of Avon Grove School District v. Department of Education*, 31 Pa. Commw. 89, 375 A.2d 851 (1977); *Roderick v. State Civil Service Commission*, 76 Pa. Commw. 329, 463 A.2d 1261 (1983). In the instant case, however, there is no averment and

no evidence that the notice was misdirected, or that the department was guilty of wrongful, negligent or fraudulent conduct, or that nonreceipt was due to failure of postal service operations.

Rather, in the instant case, failure of defendant to receive the notice was due to the inadvertence or error on the part of defendant and his designees.[2]

We have concluded, therefore, that the court is without authorization to extend the appeal period in the instant case, and that the department's motion to quash the appeal must be granted. In view of this disposition, we need not discuss or decide the issues raised by defendant on the merits.

### ORDER

Now, this June 17, 1986, the Department of Transportation's motion to quash appeal from license suspension is granted. Costs on defendant.

---

2. Compare *Commonwealth v. Bloug*, 45 Somerset Legal Journal 134, 138 (1986).