529 A.2d 76

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Andy Karff, Appellee.

Submitted on briefs June 12, 1987, to Judge COLINS, and Senior Judges BARBIERI and NARICK, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellant.

*Ronald Ervais,* for appellee.

OPINION BY SENIOR JUDGE NARICK, July 30, 1987:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation (Department) from an order of the Court of Common Pleas of Philadelphia County, Honorable ALFRED J. DIBONA, which reversed the order of the Department suspending the motor vehicle operating privileges of Andy Karff (Karff) for five years. We reverse.

The relevant facts are as follows. Andrew Karff in September, 1985 appealed from an order of the Department dated June 4, 1985 suspending his motor vehicle operating privileges for five years. More specifically, Karff's license was suspended as a result of a conviction on March 20, 1985 for a violation which occurred on May 9, 1983. The record also indicates that Karff had received several Motor Vehicle Code violations and that his license had been previously suspended on October 21, 1983, May 23, 1984, May 31, 1984, and February 9, 1985. A *de novo* hearing was held before Judge ALFRED DIBONA and at this hearing, Karff argued that the Department's June 4, 1985 notice of a May 9, 1983 violation was untimely and, as a result, he had been prejudiced. Karff further argued that he had been advised by letter dated May 16, 1985 that he was eligible for restoration of his license. The Department countered that the June 4, 1985 notice was not untimely, but rather that Karff's appeal to the trial court which was filed in September, 1985 was filed after the thirty day time period as required by Sections 5571(b) and 5572 of the Judicial Code, 42 Pa. C. S. §§5571(b) and 5572. The trial court concluded that the Department's notice was untimely and that Karff was prejudiced by the delay because he had been previously advised by the Department that his license would be restored.

On appeal, the Department asserts (1) that Appellant's appeal to the trial court was untimely and (2) that the Department's June 4, 1985 notice of suspension to Appellant of a March 20, 1985 conviction was not untimely, and that Appellant did not suffer prejudice as a result of the Department's prior notice on May 16, 1985 advising Appellant his license would be restored.

First, we will discuss whether Karff's appeal to the trial court should have been dismissed as untimely pursuant to Sections 5571(b) and 5572 of the Judicial Code. Karff does not dispute that he received the Department's notice in June, 1985, but rather argues that the action of the trial court was a "de facto allowance of appeal nunc pro tunc and was therefore proper". We disagree.

It is well settled that one desiring to appeal from a Department suspension notice is required to file such appeal within thirty days pursuant to Sections 5571(b) and 5572 of the Judicial Code. *Windrick v. Commonwealth*, 80 Pa. Commonwealth Ct. 401, 471 A.2d 924 (1984); *Department of Transportation, Bureau of Traffic Safety v. Rogers*, 53 Pa. Commonwealth Ct. 641, 419 A.2d 235 (1980); *Department of Transportation, Bureau of Traffic Safety v. Quatrini*, 48 Pa. Commonwealth Ct. 320, 409 A.2d 1373 (1980). The thirty day appeal period is measured from the time of mailing and not the time of receipt, and a trial court will be without jurisdiction to hear an appeal not filed within this time period. *See Windrick, Rogers,* and *Quatrini.* Questions of jurisdiction may be raised at any time, even by the court on its own motion. *Windrick* and *Quatrini.*

However, it has been held that a party may file an appeal *nunc pro tunc* where the obstacle to filing an appeal was beyond the control of a would be appellant. *Wert v. Department of Transportation*, 79 Pa. Commonwealth Ct. 79, 468 A.2d 542 (1983). In *Bass v.*

*Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979), our Supreme Court held that a delay in filing an appeal was excused by illness of an attorney's secretary. In *Wert,* this Court held that a delay in filing an appeal which results from the negligence of a third party whom a petitioner has chosen as his agent will not be grounds for an extension of time for appeal. However, where the delay is generated by the Department, a delay in appeal may be excused. A delay was generated by the Department in *Wert* because the Department had advised a third party acting for appellant that the revocations were a mistake and would be rectified.

We note that despite the Department's request to dismiss Karff's appeal as untimely, this issue was not addressed in the trial court's opinion. Rather, although Karff did not file an appeal *nunc pro tunc*, the trial court allowed the appeal, and based upon the Department's actions, concluded prejudice resulted to Karff which warranted a reversal of the license suspension.

We recognize that on May 16, 1985, Karff received a notice from the Department advising him that his license would be restored, and that on June 4, 1985, based upon his conviction on March 20, 1985 for a violation which occurred on May 9, 1983, his license would be suspended. However, the record also indicates Karff had a history of motor vehicle violations and license suspensions. In fact, at the time of the June 4, 1985 notice, Karff's license was still under suspension. Lastly, the record is completely devoid of any action by Karff or the Department which would indicate why Karff did not file his appeal prior to September, 1985. Therefore, we are constrained to conclude that Karff's appeal of his license suspension was untimely and that the trial court was without jurisdiction to hear his appeal.

Thus, because we have found that the trial court was without jurisdiction to hear Karff's appeal, we need not

address the remaining issues in this matter. Accordingly, for the reasons set forth herein, we must reverse the order of the Court of Common Pleas of Philadelphia County.

ORDER

AND NOW, this 30th day of July, 1987, the order of the Court of Common Pleas of Philadelphia County in regard to the above-captioned matter is hereby reversed.