538 A.2d 994

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Edward D. Shain, Appellee.

Submitted on briefs December 14, 1987, to Judges MacPhail, Barry, and Senior Judge Narick, sitting as a panel of three.

*Donald H. Poorman,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Kenneth E. Kendell,* Assistant Counsel, *Spencer A. Manthorpe,* Assistant Chief Counsel, *John L. Heaton,* Chief Counsel, for appellant.

*Robert L. Moore,* for appellee.

Opinion by Senior Judge Narick, March 11, 1988:

This is an appeal by the Commonwealth of Pennsylvania, Department of Transportation (Department) from an order of the Court of Common Pleas of Berks

County which reversed the Department's recall of the operating privileges of Edward D. Shain (Appellee).[1] We reverse.

On April 30, 1986, the Department notified Appellee that his driver's license was being recalled pursuant to 75 Pa. C. S. §1519(c).[2] The department based its actions upon a letter dated March 4, 1986 received from Scott S. Duffy, M.D., Appellee's physician which indicated that Appellee had suffered a grand mal seizure on March 1, 1986. On June 4, 1986, Appellee filed a petition with the Court of Common Pleas of Berks County contesting the Department's actions. After hearing held on July 15, 1986, the trial court rendered a decision which reversed the Department's recall of Appellee's operating privileges.

On appeal, the Department asserts that (1) Appellee's initial appeal of the Department's actions to the trial court was untimely and (2) the trial court erred in revoking the Department's recall of Appellee's operating privileges.

First, we will resolve the first issue raised by the Department: whether Appellee's appeal to the trial

---

[1] Appellee has failed to file a brief in this matter despite direction from this Court to do so. On December 14, 1987, this Court issued an order which stated that, because Appellee had failed to file a brief, Appellee was precluded from filing a brief and the matter would be submitted to the Court on the brief of the Department only, without oral argument.

[2] 75 Pa. C. S. §1519(c) states:

The department shall recall the operating privilege of any person whose incompetency has been established under the provisions of this chapter. The recall shall be for an indefinite period until satisfactory evidence is presented to the department in accordance with regulations to establish that such person is competent to drive a motor vehicle. Any person aggrieved by recall of the operating privilege may appeal in the manner provided in section 1550 (relating to judicial review).

court was untimely. The record reveals that the Department mailed notice of the suspension to Appellee on April 30, 1986 and that an appeal was taken by Appellee from the Department's suspension notice on June 4, 1986.

It is well settled that an appeal from a Department suspension of operating privileges must be filed within thirty days pursuant to 42 Pa. C. S. §5571(b). *See Department of Transportation, Bureau of Driver Licensing v. Karff*, 108 Pa. Commonwealth Ct. 143, 529 A.2d 76 (1987); *Windrick v. Commonwealth*, 80 Pa. Commonwealth Ct. 401, 471 A.2d 924 (1984); *Department of Transportation, Bureau of Traffic Safety v. Rogers*, 53 Pa. Commonwealth Ct. 641, 419 A.2d 235 (1980). Also, 42 Pa. C. S. §5572 provides that the date of service of an order of a government unit shall be the date of mailing. *See Karff; Windrick; Rogers.*

Although the issue of timeliness was not raised by any party before the trial court, the timeliness of an appeal goes to the jurisdiction of a court and its competency to act. *Department of Transportation, Bureau of Traffic Safety v. Forte*, 29 Pa. Commonwealth Ct. 415, 371 A.2d 526 (1977). Questions of jurisdiction can never be waived, and may be raised at any time, even by the court on its own motion. *See Karff; Windrick; Forte.*

In the case at hand, the record clearly reveals that Appellee's appeal of the Department's suspension was filed on June 4, 1986, beyond the thirty day time period set forth in 42 Pa. C. S. §5571(b). Therefore, the trial court did not have jurisdiction to hear Appellee's appeal and the Department's suspension must be reinstated.

In that we have concluded that the trial court did not have jurisdiction to consider Appellee's appeal, we need not address the remaining issue raised by the Department in this matter.

ORDER

AND NOW, this 11th day of March, 1988, the order of the Court of Common Pleas of Berks County in regard to the above-captioned matter is hereby reversed.