## Trinkle Sales & Service v. PennDOT

*George T. Dydynsky,* for plaintiff.

*Thomas P. Kennedy, deputy attorney general,* for the commonwealth.

LAVELLE, *P.J.,* August 3, 1988 — In this appeal from a license suspension, the commonwealth has filed a petition to dismiss the appeal for lack of jurisdiction.

After a hearing solely on the jurisdictional issue on June 17, 1988, we conclude that we lack subject matter jurisdiction. Accordingly, we must quash this appeal.

## FINDINGS OF FACT

(1) Appellant, Trinkle Sales and Service, is located at 94 East Bridge Street in Lehighton, Carbon County, Pa. It was owned, during the time period relevant to this proceeding, by Joseph Trinkle. Trinkle is in the business of, among other things, issuing temporary vehicle registration plates.

(2) On September 25, 1986, the Commonwealth of Pennsylvania, Department of Transportation entered an order suspending Trinkle's dealer registration plates and authorization to issue temporary registration plates.

(3) On September 30, 1987, a notice of the order of suspension was mailed by PennDOT to Trinkle Sales and Service at the above address. Trinkle never received the mailed notice.

(4) On November 7, 1987, a Pennsylvania State Police trooper came to Trinkle's to pick up the dealer registration plates and registration cards. At that time, the trooper personally handed Trinkle copies of three documents, one being a copy of the notice

of suspension. This was the first actual notice that Trinkle received of the order of suspension.

(5) On November 24, 1986, Trinkle filed the instant appeal from that order.

## DISCUSSION

The issue here is whether we have subject matter jurisdiction to entertain this appeal, which turns solely on the question of whether this appeal was timely filed.

Section 5571(b) of the Judicial Code provides, inter alia, as follows:

"[a]n appeal from a tribunal or government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal was taken." 42 Pa.C.S. §5571(b).

Section 5572 of the Judicial Code defines "entry of the order" as follows:

"The date of service of an order of a governmental unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of the entry of the order for purposes of this subchapter." 42 Pa.C.S. §5572.

Trinkle testified that he never received the mailed notice and the first time he had actual notice of any kind of the order of suspension was November 7, 1986 when he received a copy from the trooper. He argues that the appeal period should begin on the date of personal service and that any other result, on the facts of this case, would deprive him of any appeal period whatsoever and would violate his constitutional right to due process of law.

The commonwealth, on the other hand, argues that because the notice of suspension was mailed on September 30, 1986, Trinkle's appeal period expired

on October 30, 1986, regardless of whether Trinkle actually received the mailed notice or not. Therefore, this appeal, filed on November 24, 1986, was filed beyond the statutorily allowed appeal period and the court is without subject matter jurisdiction to entertain this appeal under sections 5571 and 5572 of the Judicial Code.

As proof of the mailing of the notice of suspension to Trinkle on September 30, 1986, they point to commonwealth exhibit no. 1, a copy of the notice of suspension which has a notation at the top: "mail date: September 30, 1986." We note that such a notation is competent evidence of the mailing of the notice on that date under *Groff v. Commonwealth of Pennsylvania, Department of Transportation,* 78 Pa. Commw. 580, 583-4, 467 A.2d 1225, 1226 (1983), where the Commonwealth Court stated:

"Sections (sic) 6103 of the Judicial Code (citation omitted), provides that an official record kept by a government unit when admissible may be evidenced by a copy attested by its custodian. Section 6104(a) provides that a copy of a record authenticated as provided in section 6103 shall be admissible as evidence that the governmental action disclosed therein was taken. Section 6104(b) (citation omitted) provides that a copy of a record authenticated as provided in section 6103 which discloses the existence of facts which have been or should have been so recorded had the facts existed shall be admissible as evidence of the existence of such facts. In moving to quash, DOT had the burden to show the fact it asserted — that it mailed a notice of suspension to Groff on December 19, 1980. If the attested copy of the notice of suspension had disclosed the fact that it was mailed on December 19, 1980, it would have been admissible as

evidence of that fact of mailing on that date under section 6104."

In the present case, the copy of the notice of suspension was authenticated as provided in section 6103 and, therefore, the notation "mail date: September 30, 1986" is competent evidence of the fact that the notice of suspension was indeed mailed to Trinkle on that date. Having determined that the notice of suspension was mailed on September 30, 1986, the 30-day appeal period began to run on that date regardless of if and when the notice was actually received by Trinkle.

Neither counsel nor our own independent research has revealed any caselaw directly on point. In *Commonwealth v. Windrick,* 80 Pa. Commw. 401, 403, 471 A.2d 924, 926 (1984), the appellant received his notice of suspension, dated January 29, 1982, on February 6, 1982. When he filed a petition for appeal nunc pro tunc on March 5, 1982, more than 30 days had elapsed from the date of mailing. *Id.* The trial court determined that it was without subject matter jurisdiction. *Id.* In affirming the trial court's action and dismissing appellant's arguments that these provisions violate equal protection and due process because the appeal period begins to run before appellant receives notice thereof, the Commonwealth Court opined as follows:

"[T]here is no clear, palpable and plain violation of the Constitution contained in these provisions. (citation omitted) Even if the validity of legislation is fairly debatable, the legislative judgment must be allowed to control. (citation omitted) As we stated in *Department of Transportation, Bureau of Traffic Safety v. Forte,* 29 Pa. Commw. 415, 420, 371 A.2d 526, 528 (1977):

" 'Our reading . . . discloses no evidence of any legislative intent to make the receipt of notice the

event which triggers the running of the time for appeal. Had the legislature, which is not unfamiliar with the term "receipt" or its legal effect, intended receipt of notice to be the triggering event, it would have so stated.' *Zimmer v. Susquehanna County Planning Commission,* 14 Pa. Commw. 435, 322 A.2d 420 (1974)." *Id.* at 403, 471 A.2d at 926.

Although the *Windrick* court specifically did not rule on the "exceptional circumstance" of total nonreceipt of notice of suspension because that question was not presented on the facts of that case, we are guided by the language of *Windrick* that the legislature did not intend receipt of the mailed notice to be the event which triggers the running of the 30-day appeal period.

Moreover, we remain ever faithful to the principle that where the legislature has fixed a time period for appeal, that period is mandatory and cannot be enlarged or extended as a matter of grace or indulgence. *Olson v. Borough of Homestead,* 66 Pa. Commw. 120, 443 A.2d 875 (1982). The only extraordinary circumstances under which a court has the authority to grant a nunc pro tunc appeal is where the lateness of the appeal has resulted from ineffectiveness of counsel, fraud or a breakdown in the court system. *Commonwealth v. Frazier,* 324 Pa. Super. 334, 471 A.2d 866 (1984).

In the present case, petitioner failed to allege any circumstance involving ineffectiveness of counsel, fraud or a breakdown in the court system which resulted in the late filing of this appeal. Although the evidence and testimony presented indicates that the notice of suspension was mailed to Trinkle but never arrived, the most we could infer from this is that there may have been a breakdown in the postal system. We have found no caselaw which includes

such a contingency as a ground for allowing a nunc pro tunc appeal.

For the foregoing reasons, we enter the following

## ORDER

And now, August 3, 1988, it is ordered and decreed as follows:

(1) The petition of the Commonwealth of Pennsylvania, Department of Transportation, to dismiss the appeal of Trinkle Sales and Service for lack of jurisdiction, be and is hereby granted; and

(2) The appeal of Trinkle Sales and Service is dismissed.