625 A.2d 1346

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant,**

**v.**

**Joyce R. WALZER.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 12, 1993.

Decided June 1, 1993.

Timonty P. Wile, Asst. Counsel In–Charge of Appellate Section, for appellant.

Michael E. Dunlavey, for appellee.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Erie County (trial court) which sustained Joyce R. Walzer's (Licensee) statutory appeal of a driver's license suspension.

On January 31, 1991, Licensee accepted Accelerated Rehabilitative Disposition (ARD) for a violation of Section 3731 of the Vehicle Code (Code), 75 Pa.C.S. § 3731, pertaining to driving under the influence of alcohol or a controlled sub-

stance. Because Licensee accepted ARD, DOT suspended her driver's license for three months, effective April 3, 1991, as required by Section 3731(e)(6)(ii) of the Code, 75 Pa.C.S. § 3731(e)(6)(ii). Licensee appealed the suspension to the trial court, and the trial court issued an order on March 15, 1991, staying the license suspension. Licensee, however, withdrew her appeal on June 14, 1991. On June 17, 1991, the trial court issued an order acknowledging that Licensee withdrew her appeal and rescinding the stay of her suspension. Thereafter, Licensee submitted her driver's license to DOT. Approximately ninety days later, Licensee forwarded a $25.00 check to DOT to reinstate her driver's license. DOT cashed Licensee's check and returned her driver's license.

By letter dated April 24, 1992, DOT reinstated Licensee's three month ARD suspension. On May 28, 1992, Licensee appealed the reinstated suspension to the trial court. A hearing was conducted, and, at the end of the hearing, the trial court sustained Licensee's appeal. The trial court held that the reinstated suspension was invalid, because Licensee had already served the full term of her suspension. The trial court also held that Licensee was prejudiced because DOT unreasonably delayed the reinstatement of the suspension. This appeal followed.

DOT contends that (1) Licensee's appeal to the trial court was untimely, (2) the trial court erred in crediting time served against the reinstated suspension, and (3) the trial court erred in holding that Licensee was prejudiced by DOT because of an unreasonable delay in reinstating Licensee's suspension.

We will begin by discussing DOT's contention that Licensee's appeal to the trial court was untimely.[1] A motorist must file an appeal challenging a driver's license suspension within 30 days of the mailing date of the suspension notice; the mailing date is deemed to be the date on which the suspension order is entered. Section 1550 of the Code, 75 Pa.C.S. § 1550; Sections 5571(b) and 5572 of the Judicial

1. The issue of timeliness was not raised by any party below; however, because this issue is jurisdictional and may be raised at any time, this question is properly before us. *Department of Transportation v. Shain*, 114 Pa.Commonwealth Ct. 360, 538 A.2d 994 (1988).

Code, 42 Pa.C.S. §§ 5571(b) and 5572; *Department of Transportation, Bureau of Driver Licensing v. Matlack,* 144 Pa.Commonwealth Ct. 12, 600 A.2d 998 (1991). An appeal of a driver's license suspension filed beyond the 30 day appeal period is untimely. *Shain.*

Licensee argues that DOT's letter reinstating her suspension does not contain a mailing date. DOT has the duty to advise a motorist of the mailing date, in order to alert the motorist of the date on which the appeal period began to run. *Schmidt v. Commonwealth,* 495 Pa. 238, 433 A.2d 456 (1981). We have examined the letter in question, and we agree with Licensee that there is no date in the letter which can be identified as a mailing date. The reinstatement letter has the date "April 24, 1992" written below DOT's address; however, there is no language in the letter indicating that that was the date on which the reinstatement letter was mailed.

■ When an administrative agency fails to include a mailing date on a decision, the record does not establish the starting date for the appeal period and, for that reason, an appeal cannot be quashed as untimely. *Department of Transportation, Bureau of Traffic Safety v. Suchko,* 92 Pa.Commonwealth Ct. 520, 499 A.2d 738 (1985); *Sheets v. Department of Public Welfare,* 84 Pa.Commonwealth Ct. 388, 479 A.2d 80 (1984). Therefore, because DOT failed to notify Licensee of the mailing date of the reinstatement letter, we must hold that her appeal was timely.[2]

■ Next, DOT contends that the trial court erred in granting Licensee credit for time served against her suspen-

---

**2.** Licensee argued that, in the absence of a mailing date, the appeal period should be measured from the date of receipt. We disagree. The appeal period is not measured from the date of receipt but is measured from the mailing date of the administrative decision. Sections 5571(b) and 5572 of the Judicial Code, 42 Pa.C.S. §§ 5571(b) and 5572. Licensee was entitled to know from DOT the date on which the reinstatement letter was mailed, regardless of when she received the letter. *Hanna v. Zoning Board of Adjustment of Pittsburgh,* 62 Pa.Commonwealth Ct. 620, 437 A.2d 115 (1981). Moreover, even assuming that the date of receipt is relevant to the timeliness issue in this case, the burden of proving the date on which Licensee received the reinstatement letter was on DOT, and DOT introduced no evidence on this issue at the trial court hearing. *Id.*

sion, when it determined that Licensee had already served her three month suspension and held that the reinstated suspension was invalid. We believe, however, that DOT has mischaracterized the trial court's decision as an award of credit toward Licensee's suspension and has mischaracterized the suspension it imposed on Licensee in the April 24, 1992 letter as a reinstated suspension. The facts found by the trial court are unusual: After Licensee withdrew her first appeal, the trial court ordered the supersedeas of Licensee's suspension lifted. Licensee then complied with DOT's suspension order by sending her driver's license to DOT. Ninety days later, she requested reinstatement of her driver's license. DOT complied with her request by returning her driver's license and cashing the $25.00 check she sent DOT in order to restore her license. Several months later, DOT reinstated Licensee's three month suspension.

In our view, the fact that Licensee submitted her driver's license to DOT and the fact that DOT returned her driver's license ninety days later and cashed her check, indicates that DOT recognized that Licensee served her suspension and, accordingly, reinstated her driver's license. Thus, we conclude that when DOT sent Licensee the letter reinstating her suspension, DOT was, in fact, imposing a new suspension on Licensee. Nothing in the record establishes any ground for imposing a new suspension on Licensee; suspending Licensee's driver's license for no reason is a clear violation of due process. Therefore, we hold that the trial court correctly determined that Licensee's new suspension was invalid.

Accordingly, we affirm the order of the trial court.[3]

## ORDER

AND NOW, this 1st day of June, 1993, the order of the Court of Common Pleas of Erie County in the above-captioned matter is affirmed.

---

3. Because of our disposition of this case, we need not decide DOT's contention that the trial court erred in concluding that Licensee was prejudiced by excessive delay in imposing the second suspension.