**THINK BIG, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY, BUREAU OF EMPLOYER TAX OPERATIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 9, 1997.

Decided Nov. 25, 1997.

Robert J. Birch, Philadelphia, for petitioner.

Jane C. Pomerantz, Deputy Chief Counsel, Harrisburg, for respondent.

Before FLAHERTY and LEADBETTER, JJ., and LORD, Senior Judge.

FLAHERTY, Judge.

Think Big, Inc. petitions for review from an order of the Deputy Secretary for Administration of the Department of Labor and Industry (Department) which affirmed the decision of the Bureau of Employer Tax Operations (BETO) denying Employer's nunc pro tunc appeal of its unemployment compensation contribution rate assigned to it for the calendar year 1993. We affirm.

On March 2, 1993, BETO notified Think Big of its 1993 contribution rate. The contribution rate notice was mailed to 16250 Stagg Street, Van Nuys, California 91406, Think Big's last known post office address. The notice provided ninety days from the mailing date for an appeal of the rate.

On May 23, 1993, Jack A. Rounick of Conshohocken, Pennsylvania purchased all of the shares of Think Big. Rounick did not furnish BETO with a change of address for unemployment compensation mailing purposes.

At the time of the stock transfer, the former owner did not disclose to Rounick that $19.86 in unemployment compensation tax was past due for the year 1992, or that Think Big's 1993 tax rate was a delinquency rate. The payroll for the former owner was handled by an outside agency, ADP, who, according to the previous owner, failed to pay the amount past due. In addition, no notice of the delinquency rate was forwarded to ADP.

Rounick hired a new controller and, upon discovery of a delinquency rate being imposed by BETO, filed an appeal on August 25, 1993, maintaining that the previous own-er failed to pay the $19.85 owed and that all notices regarding the delinquency were sent to the previous owner's address. BETO denied Think Big's appeal as untimely. Rounick appealed to the Deputy Secretary of Administration for the Department, who conducted a hearing and, on March 24, 1997, denied the appeal as untimely. This appeal followed wherein the sole issue is whether the Department erred in failing to grant Think Big's appeal nunc pro tunc.

Our review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Department committed an error of law, or whether petitioner's constitutional rights have been violated. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Pursuant to Section 301(e)(2) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 781(e)(2), an employer has ninety days from the date of the Department's mailing of the employer's rate of contribution to appeal the determination. Specifically, Section 301(e)(2) provides:

> The department shall promptly notify each employer of his rate of contribution for the calendar year.... The determination of the department of the employer's rate of contribution shall become conclusive and binding upon the employer, unless within ninety (90) days after the mailing of notice thereof to the employer's last known post office address the employer files an application for review, setting forth his reasons therefor....

In this case, BETO notified Think Big of its 1993 contribution rate on March 2, 1993. The notice was sent to the last known address on file with BETO. Pursuant to Section 301(e)(2), the last date on which Think Big could have filed a timely appeal of its 1993 rate was May 31, 1993, which is ninety days after the March 2, 1993 mailing. Think Big's appeal, however, was not filed until August 25, 1993.

Nonetheless, Think Big maintains that, in accordance with *Cook v. Unemployment Compensation Board of Review*, 543 Pa. 381, 671 A.2d 1130 (1996), it should be permitted

an appeal nunc pro tunc. In *Cook*, the Supreme Court permitted an applicant for unemployment compensation to appeal nunc pro tunc from an adverse determination. In that case, Cook was notified that he had until May 8, 1992, to appeal the denial of benefits to the referee. Cook scheduled an appointment with an attorney for May 5, 1992. However, on May 3, 1992, he collapsed and was taken to a hospital where he remained in intensive care for four days and then was transferred to ordinary care where he remained until his discharge on May 9, 1992, one day after the appeal period expired. Cook thereafter filed his appeal three days after his release.

The Supreme Court determined that Cook due to non-negligent circumstances had an adequate excuse for filing a late appeal. Specifically, the Court stated the following, which Think Big relies upon:

> [W]here an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal nunc pro tunc.

■ Here, Think Big maintains that the failure of the former owner to notify the present owner of the delinquency in payment and the receipt of the delinquency notice is a sufficient extenuating circumstance to form a basis for allowing an appeal nunc pro tunc. We agree with the Department however, that the failure of the previous owner to notify the new owner of the delinquency notice is unlike *Cook*, a negligent rather than a non-negligent circumstance. Moreover, our court has refused to allow an untimely appeal if the delay results from the negligence of a third party whom the appellant has chosen, or the appellant's own agents. *Wert v. Department of Transportation*, 79 Pa.Cmwlth. 79, 468 A.2d 542 (1983).

Moreover, the petitioner in this case is Think Big, not its shareholders. Recently, in *Glidden v. Department of Labor and Industry*, 700 A.2d 555 (Pa.Cmwlth.1997), this court ruled that an incorporated employer is a separate and distinct entity and that the term employer does not refer to the legal owner of the corporation but the corporation itself. Thus, although the ownership of Think Big changed, Think Big the employer remained the same.

■ In addition, although ADP was not informed of the delinquency notice, BETO was under no obligation to notify the employer's payroll service. In accordance with Section 301(e)(2) of the Act, BETO is obligated to notify an employer of its contribution rate at its last known post office address. At the time the 1993 notice was sent in March, 1993, the last known address of employer was the California address.

Although the Supreme Court has permitted an appeal nunc pro tunc in circumstances where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, the delay in this case is attributable to negligent conduct. In addition, the negligent conduct is attributable neither to Think Big nor its counsel but to its shareholders.

Accordingly, the order of the Department is affirmed.

### ORDER

NOW, November 25, 1997, the order of the Department of Labor and Industry, dated March 24, 1997 at No. 94–A–0003–1 is affirmed.