Commonwealth of Pennsylvania, Department of Environmental Resources, Appellant, *v.* E. Bryce and Geraldine S. Wolford and John and Louise Bednar, Appellees.

Submitted on briefs, August 9, 1974, to President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Eugene B. Dice,* Assistant Attorney General, for appellant.

*James W. Evans,* for appellees, Wolford.

*James D. Campbell, Jr.,* and *Nauman, Smith, Shissler & Hall,* for appellees, Bednar.

256

Opinion by Judge Mencer, December 12, 1974:

We deal here with motions to quash an appeal from a January 25, 1974 adjudication and order of the Environmental Hearing Board (Board) and from a May 20, 1974 order of the Board denying a petition for reargument and to reopen evidence, on the ground that the appeal was not filed within the statutory period.

On January 25, 1974, the Board entered an adjudication reversing an order of the Department of Environmental Resources (appellant) and finding in favor of John and Louise Bednar and E. Bryce and Geraldine S. Wolford (appellees). Instead of filing an appeal from this adjudication, appellant filed a "Petition for Reargument and to Reopen Evidence" (petition) with the Board on February 5, 1974. On February 14, 1974, the Board entered an order denying appellant's petition. However, notice of this order was not served on appellant until May 17, 1974. The Board then, in an effort to rectify its mistake in failing to serve appellant promptly, issued a new order denying appellant's petition. This order was filed and mailed to appellant on May 20, 1974 and was intended by the Board to supersede the order of February 14, 1974. On June 18, 1974, appellant filed its appeal from both the Board's adjudication of January 25, 1974 and its order of May 20, 1974 denying appellant's petition. Appellees then filed the motions to quash the appeal which are the subject of this opinion.

It is not disputed by appellant that its appeal from the Board's adjudication of January 25, 1974 was not filed until June 18, 1974, some 144 days later. It is appellant's contention that this constituted a timely filing of its appeal because the appeal period did not start to run until after the Board's order denying its petition was filed and mailed on May 20, 1974.

Appellant's argument is based on Section 41 of the Administrative Agency Law[1] which reads in pertinent part as follows: "Within thirty days after the service of an adjudication (*or if a petition for rehearing or reconsideration is filed pursuant to statutory authority, then within thirty days after service of the order of the agency refusing such petition,* or of the order following rehearing or reconsideration) any person aggrieved thereby who has a direct interest in such adjudication shall have the right to appeal therefrom. Such appeal shall be taken to the court of common pleas of Dauphin County." (Emphasis added.)

Appellant contends that its appeal of June 18, 1974 was timely under the above section since it was filed within thirty days of the Board's amended order dated May 20, 1974 refusing its petition.[2]

Section 41 of the Administrative Agency Law was repealed in two respects by the Appellate Court Jurisdiction Act of 1970 (ACJA).[3] Section 508(a)(71) of the ACJA, 17 P.S. §211.508(a)(71), provides that the jurisdiction of the court named in Section 41 is transferred to and vested in the Commonwealth Court. Section 502 of the ACJA, 17 P.S. §211.502, provides that an appeal from any order shall be filed within thirty days *of its entry* rather than within thirty days *after the service* as provided in Section 41. *Duggan v. Environmental Hearing Board,* 13 Pa. Commonwealth Ct. 339, 321 A. 2d 392 (1974).

---

[1] Act of June 4, 1945, P. L. 1388, 71 P.S. §1710.41.

[2] This contention necessarily includes the argument that the appeal period began to run after the Board's second order of May 20, 1974 and not the earlier one of February 14, 1974, since the latter was mistakenly not served promptly and was voided by the second order. It also includes the assumption that appellant's petition was a "petition for rehearing or reconsideration" under Section 41.

[3] Act of July 31, 1970, P. L. 673, *as amended,* 17 P.S. §211.101 et seq.

258

Our consideration of Section 41, with these two changes in mind, results in an inquiry as to whether or not the petition presented here, assuming that it was a petition for rehearing or reconsideration, was pursuant to statutory authority. Appellant has not directed our attention to any direct statutory authority. Our examination of the provisions of the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P. L. (1965) 1535, *as amended*, 35 P.S. §750.1 et seq., which were the grounds for the Department of Environmental Resources' initial action, and the act creating the Board, Act of December 3, 1970, P. L. 834, §§20, 28-35, *as amended*, 71 P.S. §§510-1 to-108, failed to disclose a provision authorizing a petition for rehearing or reconsideration.

However, we deem it necessary and proper to consider the General Rules of Administrative Practice and Procedure[4] applicable to procedure before governmental agencies as statutory authority dealing with the matter of petitions for rehearing or reconsideration. Section 35.241(a) of these general rules, 1 Pa. Code §35.241(a), provides that "[a]n application for rehearing or reconsideration may be filed by a party to a proceeding within 15 days, *or such other period as may be expressly provided by statute applicable to the proceeding,* after the issuance of any adjudication or other final order by the agency." (Emphasis added.)

Likewise, we must consider the Rules of Practice and Procedure applicable to the proceedings before the Board. Section 21.32(g), 25 Pa. Code §21.32(g), provides that "[t]he board may at any time on its own motion, or upon application of counsel, *within ten (10) days after a decision has been rendered,* grant reargument before the board en banc. Such action will be taken only for compelling and persuasive reasons." (Emphasis added.)

---

[4] 1 Pa. Code §§31.1-35.251.

Therefore, a reading of Section 35.241(a) of the General Rules of Administrative Practice and Procedure, together with Section 21.32(g) of the Rules of Practice and Procedure applicable to the Board, leads to the inescapable conclusion that these rules combine to provide statutory authority, as required by Section 41 of the Administrative Agency Law, for the filing of a petition for rehearing or reconsideration with the Board within ten (10) days after the Board has rendered a decision.

Here the Board's decision was rendered January 25, 1974 and the appellant's petition was filed February 5, 1974. Unfortunately for appellant, February 5, 1974 was not within the ten-day allowable period for filing the petition for rehearing and reconsideration with the Board, it being the eleventh day after January 25, 1974. Consequently, the petition was untimely and did not stay the appeal period. We recognize that a timely petition for rehearing and reconsideration might have tolled the thirty-day appeal period. *See Alco Parking Corporation v. Pittsburgh,* 453 Pa. 245, 307 A. 2d 851 (1973).

Thus we must conclude that appellants, on February 5, 1974, lacked the necessary statutory authority to present a petition for rehearing or reconsideration under the provisions of Section 41 of the Administrative Agency Law. Accordingly, this appeal, as it relates to the Board's January 25, 1974 adjudication and order, must then be measured for timeliness in terms of whether it was filed within thirty days of the entry of the Board's adjudication of January 25, 1974. No appeal was taken from that adjudication until 144 days had elapsed and therefore the appeal must be quashed. As we stated in *Duggan, supra,* "[t]he timeliness of an appeal and compliance with statutory provisions go to the jurisdiction of this Court. A failure to timely file an appeal deprives this Court of jurisdiction in absence

of two exceptions not here pertinent." 13 Pa. Commonwealth Ct. at 342, 321 A. 2d at 393.

The February 14, 1974 and May 20, 1974 orders of the Board denying rehearing or reconsideration are not reviewable on appeal. *See Merrick Estate,* 432 Pa. 450, 247 A. 2d 786 (1968); *Baily Petition,* 365 Pa. 613, 76 A. 2d 645 (1950).

We therefore issue the following

## ORDER

AND NOW, this 12th day of December, 1974, the motions to quash the above appeal are hereby granted. The appeal of the Department of Environmental Resources is quashed as having been untimely filed.

CONCURRING OPINION BY JUDGE KRAMER:

I concur in the result of this case, because the Department of Environmental Resources did not take an appeal within the statutory appeal period after actual receipt of the January 25, 1974 adjudication of the Environmental Hearing Board.

Once again I must register my concern over the constitutionality of Section 502(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended,* 17 P.S. §211.502(a), as applied by this Court. See my dissenting opinions in *Commonwealth of Pennsylvania, Department of Revenue v. Niemeyer Oldsmobile, Inc.,* 12 Pa. Commonwealth Ct. 388, 394, 316 A. 2d 152, 155 (1974) and *Purolator Courier Corporation v. Commonwealth of Pennsylvania, Pennsylvania Public Utility Commission,* 13 Pa. Commonwealth Ct. 444, 450, 319 A. 2d 688, 691 (1974).

The failure of the Environmental Hearing Board to provide notice of its decision on the Department of Environmental Resources' petition for reargument illustrates the danger of allowing the appeal period to run before actual notice is provided to the interested par-

ties. If the Environmental Hearing Board had likewise failed to give notice of the filing of its January 25, 1974 adjudication, the Department of Environmental Resources could have been denied effectively its right to appeal, as guaranteed by Art. V, Sec. 9 of the Pennsylvania Constitution of 1968 and as intended by the Legislature.