John B. Mayer *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. John B. Mayer, Appellant.

Argued September 8, 1976, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS and BLATT. Judge KRAMER did not
participate.

*Harold I. Goodman,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General,
with him *Sydney Reuben,* Assistant Attorney General,
and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., November 30,
1976:

This is an appeal by John B. Mayer (Claimant)
from a denial by the Unemployment Compensation
Board of Review (Board) of his application for recon-
sideration of the Board's refusal to grant benefits.

Claimant was an employe of the George Sall Metal
Company (Employer) on May 18, 1973, when the
firm's maintenance and production workers (includ-

ing Claimant) began a work stoppage in response to an alleged refusal by the company to bargain collectively. Claimant, with other George Sall employes, filed claims for unemployment compensation benefits at local offices of the Bureau of Employment Security (BES). BES assigned the cases to its district office in Philadelphia which ruled that the claimants were ineligible for benefits under Section 402(d) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(d), on the ground that the work stoppage constituted a strike. Upon appeal, the referee affirmed BES's denial of benefits on March 6, 1974.

On April 30, 1975, in the case of Charlie Davis, a co-employe of Claimant engaged in the same work stoppage, the Board ruled that a lockout had occurred and as a result, awarded Davis benefits. On August 12, 1975, Claimant filed a petition with the Board for reconsideration. By letter dated September 23, 1975, the Board denied the petition stating it was not timely filed.

On October 22, 1975, Claimant filed an appeal with this Court. The Board responded by filing a motion to dismiss, alleging that the appeal itself was untimely. We subsequently entered an order directing merger of the Board's motion to dismiss with the merits of Claimant's appeal.

We first consider the motion to dismiss. The Board's argument is based upon its contention that Claimant is appealing from the Board's adjudication of March 6, 1974. It therefore contends that this appeal, filed on October 22, 1975, is untimely. This argument must fall.

Claimant has clearly noted throughout his brief that review has been sought of the Board's September 23, 1975 letter denying reconsideration of Claim-

ant's case. Clearly, such a response by the Board is appealable pursuant to Regulation 35.241(d), 1 Pa. Code §35.241(d), which reads as follows:

Action on. Unless the agency head acts upon the application for rehearing or reconsideration within 30 days after it is filed such application shall be deemed to have been denied. The denial of rehearing or reconsideration, whether by action or inaction of the agency head, shall constitute the adoption of a fresh order for the purposes of computing the time for appeal under Section 502 of the Appellate Court Jurisdiction Act of 1970 (17 P.S. §211.502) or under any other statute relating to judicial review of agency action.

A thirty-day appeal period is provided in Section 510 of the Act, 43 P.S. §830. Clearly, this appeal, measured by that standard, was timely filed and the motion to dismiss is therefore denied.

We now turn to Claimant's contention that the Board was vested with authority to grant his petition for reconsideration. The decision of the Board denying benefits was dated March 6, 1974, and became final ten days thereafter. Section 509 of the Act, 43 P.S. §829. Regulation 35.241(a), 1 Pa. Code §35.241(a), provides for a 15-day period after the agency's decision within which applications for reconsideration may be filed. It is a well-known proposition that such time limits are normally mandatory. *Unemployment Compensation Board of Review v. Buongiovanni*, 21 Pa. Commonwealth Ct. 338, 345 A.2d 783 (1975). Since validly promulgated regulations have the same force as statutory provisions, the time limit expressed in Regulation 35.241 should be given the same effect as mandatory time provisions appearing in the statute, as both serve the useful function of providing for finality in the administrative process. Since the Board, as an administrative agency, is a creature of the state

and has only those powers and authority granted to it by the legislature, *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), and further, since the time for filing a petition pursuant to Regulation 35.241 was clearly exceeded, this appeal must fall as untimely.

Claimant, however, cites *Unemployment Compensation Board of Review v. Ferraro,* 22 Pa. Commonwealth Ct. 304, 348 A.2d 753 (1975), for the proposition that fraud or extraordinary circumstances, if present, will excuse an otherwise untimely appeal. That case, along with others, refers only to fraud or wrongful or negligent conduct by the Board as valid reasons to waive the time limits for appeal, and none of these excuses can be said to exist in the case at hand. Since the petition for reconsideration was not timely filed, the Board acted properly in its denial of Claimant's request.

Accordingly, we

### ORDER

AND Now, this 30th day of November, 1976, the order of the Unemployment Compensation Board of Review dated September 23, 1975, disallowing reconsideration of its denial of benefits on March 6, 1974, is affirmed.