Board of School Directors of Avon Grove School District, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education and Elizabeth M. Parsons, Respondents.

Argued March 11, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Daniel J. Whelan,* with him *Montgomery, McCracken, Walker & Rhoads,* for petitioner.

*Arlene J. Diosegy,* Assistant Attorney General, for respondent, Department of Education.

*Thomas P. Hamilton, Jr.,* with him *Alexander A. DiSanti,* and *Richard, Brian, DiSanti, Hamilton & Gallagher,* for respondent, Parsons.

OPINION BY JUDGE KRAMER, July 15, 1977:

This is a petition for review filed by the Board of School Directors of Avon Grove School District (Directors) requesting appellate review of an order of the Secretary of Education (Secretary) dated June 24, 1976. The order dismissed the Directors' untimely petition to open and for reconsideration of the Secretary's determination that Elizabeth M. Parsons (Parsons) should be reinstated as a teacher in the Avon Grove School District. Presently before this Court are motions raised by the Commonwealth, Department of Education (Commonwealth) and Parsons, to dismiss the petition for review for want of jurisdiction or alternatively to quash it on grounds that it is untimely.

On March 16, 1976, the Secretary entered an order reinstating Parsons to her teaching position. On June 4, 1976, 80 days later, the Directors filed a petition to open and for reconsideration. The Secretary dismissed this petition on June 24, 1976, and on July 6, 1976 the Directors filed the petition for review at issue.

The Commonwealth and Parsons contend that the petition for review was filed untimely. They argue that the Secretary's reinstatement order was entered March 16, 1976 and that the petition for review was

not filed until July 6, 1976. This 112-day period is well beyond the 30-day appeal period allowed under Pa. R.A.P. 1512, 42 Pa. C.S. Their argument relies on this Court's decision in *Department of Environmental Resources v. Wolford,* 16 Pa. Commonwealth Ct. 254, 329 A.2d 304 (1974). *Wolford,* however, is not supportive. Although the appellant in that case was denied a hearing on an untimely petition for reconsideration, his appeal was of the original administrative decision. He attempted to extend the time for appealing the original decision by measuring the time from the subsequent order denying the untimely petition for reconsideration. This is not the case before us. Here, the Directors are not seeking review of the Secretary's original decision to reinstate Parsons. They request appellate consideration solely of the June 24 order dismissing their petition to open and for reconsideration.

This Court stated in *Mayer v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 244, 366 A.2d 605 (1976), that where the appeal is of the order denying the petition for reconsideration only, the appeal time in such circumstances runs from the date of the order dismissing the petition. Such a result was deemed proper even though the petition for reconsideration was filed untimely and subsequent to the time allowed for appealing the original decision. The Court's conclusion in *Mayer* relied upon the language found under Subsection (d) of Regulation 35.241 of the General Rules of Administrative Practice and Procedure, 1 Pa. Code §35.241. Subsection (d) reads as follows:

(d) Action on. Unless the agency head acts upon the application for rehearing or reconsideration within 30 days after it is filed, such application shall be deemed to have been denied. *The denial of rehearing or reconsideration,*

*whether by action or inaction of the agency head, shall constitute the adoption of a fresh order for the purposes of computing the time for appeal under section 502 of the Appellate Court Jurisdiction Act of 1970 (17 P.S. §211-502) or under any other statute relating to judicial review of agency action.* (Emphasis added.)

Section 502 of the Appellate Court Jurisdiction Act of 1970 has been superseded by Rule 1512 of the Pennsylvania Rules of Appellate Procedure, 42 Pa. C.S. Rule 1512 provides 30 days from entry of the order in which to petition for review of an administrative determination. As the petition for review involved here was filed 12 days after the order denying the Directors' petition to open and for reconsideration, it is timely. The motion to quash must therefore be denied.

The Commonwealth and Parsons also contend that an administrative decision to deny a petition for reconsideration is not reviewable on appeal. Support for this proposition is found in *Wolford, supra,* 16 Pa. Commonwealth Ct. at 260, 329 A.2d at 306. Subsection (d), however, was added to Regulation 35.241 subsequent to this Court's decision in *Wolford.*[1] As stated in *Mayer, supra,* regulations have the same force and effect as statutory provisions. We must conclude therefore under the language of Subsection (d), which specifically provides for review of determinations on petitions for reconsideration, that although it is within the administrative discretion whether to open and reconsider a decision, appellate review is available to determine whether there has been an abuse of such discretion.[2] The motion to dismiss must be denied.

---

[1] Subsection (d) of Regulation 35.241 became effective March 14, 1976, 5 Pa. B. 475.

[2] Appellate review of administrative discretion in matters of rehearing or reconsideration under the Public Utility Code has been

This Court need not, however, receive further argument to determine the question of whether the Secretary abused his discretion in this instance. Subsection (a) of Regulation 35.241 provides a 15-day time limitation in which to petition for a rehearing or reconsideration. The Directors' petition to open and for reconsideration was brought 80 days after the Secretary's decision to reinstate Parsons. Because time limits are mandatory in the absence of extraordinary circumstances, the Directors' petition to open and for reconsideration was in essence a petition for reconsideration nunc pro tunc. A hearing on matters raised nunc pro tunc can only be granted upon a showing of fraud or its equivalent on the behalf of the administrative agency involved. *Mayer, supra; Brinks, Inc. v. Pennsylvania Public Utility Commission,* 16 Pa. Commonwealth Ct. 300, 328 A.2d 582 (1974); *Kitchell v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 149, 305 A.2d 728 (1973). The petition for review filed by the Directors in this Court does not avail itself of any such excuse. It states only that the Secretary's decision that Parsons should be reinstated was an error of law. This is not sufficient to extend the 15-day limitation time for the filing of a petition for reconsideration under Regulation 35.241 (a). Because the petition to open and for reconsideration was untimely brought for a reason other than fraud or its equivalent, the Secretary's decision to deny the petition was proper. We affirm.

ORDER

AND Now, this 15th day of July, 1977, the motions to dismiss and quash raised by the Commonwealth, Department of Education and Elizabeth M. Parsons are

---

statutorily authorized since 1937. Section 1006, Act of May 28, 1937, P.L. 1053, *as amended,* 66 P.S. §1396.

denied, the order of the Secretary of Education dated June 24, 1976 dismissing the petition to open and for reconsideration brought by the Board of School Directors of Avon Grove School District is affirmed.