Southwest Pennsylvania Natural Resources, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

Argued May 9, 1983, before Judges CRAIG, MAC-PHAIL and BARBIERI, sitting as a panel of three.

*Thomas W. Hills,* with him *Robert O. Lampl* and *Edward A. Olds,* for petitioner.

*Diana J. Stares,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 12, 1983:

On March 11, 1982, the Environmental Hearing Board (Board) issued an adjudication regarding the forfeiture by the Department of Environmental Resources (DER) of a surety bond which guaranteed reclamation of a 44.1 acre surface mining site operated by Southwest Pennsylvania Natural Resources, Inc. (Petitioner). The Board permitted the bond, in the amount of $44,100, to be forfeited to the extent of $20,000. The $20,000 figure represents a bond forfeiture of $1,000 for each of the twenty acres which the Board found had been affected by Petitioner's mining activities. Petitioner did not file a timely appeal from that order under Pa. R.A.P. 1512(a). Instead, Petitioner filed a motion, which the Board treated as one for reconsideration, alleging that only fifteen acres were subject to reclamation[1] and that the Board's

---

[1] Petitioner contends that DER granted a reclamation waiver of five acres of the land affected by its mining activities and that those five acres, accordingly, should not be included in the calcula-

order, therefore, should have permitted only a $15,000 forfeiture. The Board denied Petitioner's motion by order dated April 6, 1982. Petitioner filed its petition for review with this Court on May 6, 1982.

The sole issue raised by Petitioner in this appeal is whether or not the forfeiture amount of $20,000 permitted by the Board was excessive. We must first determine, however, whether the issue presented by Petitioner may be considered by this Court at the present time.

In this regard DER has filed a motion to quash Petitioner's appeal on two grounds. First, DER contends that Petitioner is attempting, through this appeal, to challenge the merits of the Board's adjudication of March 11, 1982. We must agree that the specific issue raised by Petitioner here does go to the merits of the Board's decision on the forfeiture issue. Of course, the Petitioner cannot by way of the instant appeal from the Board's order of April 6, also gain review of the Board's March 11 adjudication. Having failed to file a timely appeal from the Board's original order pursuant to Pa. R.A.P. 1512(a) and having failed to obtain reconsideration of the Board's decision, Petitioner may not be permitted at this juncture to indirectly obtain appellate review of the Board's action of March 11.

We observe, however, that the petition for review filed with this Court cites the Board's order of April 6

---

tion of its bond liability. At the hearing, DER insisted that its letter of January 17, 1980 modifying the Petitioner's permit was not a waiver or exemption from reclamation of the five acres, but only a recognition of an agreement between the Petitioner and the property owner that the haul road and ponds included in the five acre tract were to be retained intact during the mining operation. The Board's adjudication clearly indicates that this contention was accepted by the Board and reaffirmed in its opinion and order denying reconsideration.

as the only order which has been appealed.[2] Therefore, while we agree with DER that Petitioner may not use this appeal as a vehicle for resurrecting a challenge to the merits of the Board's original order, we do not think that the Petitioner's attempt to do so presents a reason for quashing the instant appeal. We, instead, will limit our review to the Board's decision denying reconsideration.

DER also contends that this appeal must be quashed because the Board's denial of a petition for reconsideration is not reviewable on appeal. DER relies on the case of *Department of Environmental Resources v. Wolford*, 16 Pa. Commonwealth Ct. 254, 329 A.2d 304 (1974), to support its argument. We believe, however, that subsequent legislation has altered this area of the law. In particular, we have recently recognized that Section 5105(a)(2) of the Judicial Code, 42 Pa. C. S. §5105(a)(2) authorizes appeals from the denial of a petition for reconsideration by an administrative agency. *Muehleisen v. State Civil Service Commission*, 66 Pa. Commonwealth Ct. 95, 443 A.2d 867 (1982), *aff'd*, Pa. , 461 A.2d 615 (1983). We, therefore, will deny DER's motion to quash.[3]

In accordance with the preceding analysis, the only matter which we may properly consider at this time is whether or not the Board erred in denying Petitioner's

---

[2] Petitioner contends that the Board's decision of April 6 constituted another adjudication on the merits of the forfeiture issue and that Petitioner may properly challenge that decision in this appeal. We disagree. It is clear that the Board did not intend that its order of April 6 would supersede or modify the March 11 adjudication. The Board's holding of April 6 was limited to Petitioner's motion for reconsideration.

[3] We observe that Petitioner's appeal to this Court from the Board's order of April 6 was filed within the thirty day appeal period and, thus, is timely.

reconsideration motion. The decision to grant or deny a request for reconsideration is a matter of administrative discretion and, therefore, will be reversed only for an abuse of that discretion. *Muehleisen; Avon Grove School District Board of Directors v. Department of Education*, 31 Pa. Commonwealth Ct. 89, 375 A.2d 851 (1977). The Board's regulation on rehearings and reconsiderations provides as follows:

> The Board may on its own motion or upon application of counsel, within 20 days after a decision has been rendered, grant reargument before the board *en banc.* Such action will be taken only for compelling and persuasive reasons, and will generally be limited to instances where:
>
> (1) The decision rests on a legal ground not considered by any party to the proceeding and that the parties in good faith should have had an opportunity to brief such question.
>
> (2) The crucial facts set forth in the application are not as stated in the decision and are such as would justify a reversal of the decision. In such a case reconsideration would only be granted if the evidence sought to be offered by the party requesting the reconsideration could not with due diligence have offered the evidence at the time of the hearing.

25 Pa. Code §21.122(a). The Board applied this regulation in its review of Petitioner's motion and ruled that:

> [A]ppellant alleges no mistake of fact and appellant though given every opportunity failed to file a post-hearing brief until after the adjudication was issued (some 7 months after the hearing). Thus, clearly, appellant does not qualify for reconsideration under our rules regardless of the merit of its argument.

We find no abuse of discretion in the Board's ruling and conclude, therefore, that it must be affirmed.

## ORDER

The order of the Environmental Hearing Board, Docket No. 81-001-H, dated April 6, 1982, is hereby affirmed.