IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frederick W. Chapman,             :
               Petitioner    :
                                :
        v.               : No. 1405 C.D. 2016
                                : Submitted: March 31, 2017
Unemployment Compensation  :
Board of Review,              :
               Respondent   :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE JULIA K. HEARTHWAY, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: June 13, 2017


Frederick W. Chapman (Claimant) petitions this Court for review of the Unemployment Compensation Board of Review's (Board) dismissal of his appeal due to it being untimely filed under Section 502 of the Unemployment Compensation Law (Law).[1]  We affirm.


**I.**

Pursuant to a consulting agreement, Claimant performed work for Khan Academy, Inc. as a mathematics copy editor.  When he was informed that his services were no longer needed, he filed an application for unemployment

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.

compensation benefits. Claimant's application was denied by the Service Center and he appealed.

On April 7, 2016, for reasons that are not necessary to set forth, the Referee affirmed the Service Center's denial of benefits. The Referee's decision also contained a notice that Claimant had 15 days to appeal the decision to the Board[2] and the various ways an appeal could be taken – *i.e.*, in person, mail, fax, internet or email. The information regarding electronic transmission warned:

> A party filing an appeal via the Internet or electronic mail is responsible for using the proper format and for delay, disruption or interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.

(Record (R.) Item No. 10, Referee's Decision/Order dated 4/7/16.)[3]

---

[2] Section 502 of the Law states that a referee's decision is a final decision of the Board "unless an appeal is filed therefrom, within fifteen days after the date of such decision. . . . ." 43 P.S. § 822. Furthermore, 34 Pa. Code § 101.82(a) provides:

> A party seeking to appeal a Department determination shall file an appeal . . . on or before the 15th day after the date on which notification of the decision of the Department was delivered personally to the appellant or mailed to him at his last known post office address.

[3] This language mirrors the Department of Labor and Industry's regulation, which provides:

> A party filing an appeal by electronic transmission is responsible for using the proper format and for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.

**(Footnote continued on next page…)**

To file within the required 15 days, Claimant had until April 22, 2016, to appeal the Referee's decision to the Board. His petition for appeal was transmitted via email on April 22, 2016, purportedly at 11:59:46 p.m., but was not received by the Board's server until April 23, 2016, at 12:00 a.m. The Department of Labor and Industry's (Department) regulation set forth at 34 Pa. Code § 101.82(b)(4) provides that for appeals submitted by electronic transmission:

> The date of filing is the **receipt date** recorded by the Department appeal office or the Board's electronic transmission system, if the electronic record is in a form capable of being processed by that system.

*Id.* (emphasis added). Because Claimant's appeal was not received by the Board's electronic transmission system within 15 days, the Board dismissed his appeal as untimely.[4] Claimant requested a hearing on the timeliness issue and the Board granted his request.

At the hearing, Claimant presented evidence that he appealed via email and that his Gmail timestamp indicated that the date of mailing was 11:59:46

---

**(continued…)**

34 Pa. Code § 101.82(b)(4).

[4] In *McClean v. Unemployment Compensation Board of Review*, 908 A.2d 956, 959 (Pa. Cmwlth. 2006), we noted that the 15-day time limit was mandatory and "if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter."

p.m. on April 22, 2016.  When asked why he waited until the last possible moment to file his appeal, he answered:

> I went through a number of steps; tried to prepare my appeal conscientiously.  But that's not the only thing on my plate.  I have to—not only do I need to fulfill the requirements for eligibility for benefits by applying for at least two jobs a week and having at least one job search a week, I am doing more than the minimum in order to find work sooner. . . .  So, it's simply that my resources have been stretched very thin between the intricacies of the appeal process and the demands of looking for work in a difficult job market.

(R. Item No. 18, Transcript of Testimony—Board's Remand Hearing held 6/3/16.) The Board again dismissed Claimant's appeal because under the regulation, the date that an email appeal is received by the Board's electronic transmission system is the date it is filed which makes a filing on April 23, 2016, at 12:00 a.m. untimely.  This petition for review followed.[5]

## II.

### A.

Claimant contends that because Section 502 of the Law does not define when an appeal is "filed," 34 Pa. Code § 101.82(b)(4) stating that an appeal is filed when received by the Board is invalid because "the prevailing criterion is

---

[5] Our review of the Board's decision is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence.  *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003).

the *date sent* rather than the *date received*. For example, the Court and the Board both use this criterion for filings submitted by postal mail."[6] (Claimant's Brief at 9) (emphasis in original). Claimant then argues that his Google Gmail timestamp, which shows that his appeal was sent at 11:59:46 p.m. on April 22, 2016, should have been sufficient to establish that his appeal was filed on time because an appeal sent by mail is deemed filed when sent as evidenced by the U.S. postmark.

While Claimant is correct that Section 502 of the Law does not state whether an appeal is "filed" when it is sent or received, Section 203 of the Law gives the Board the power to adopt regulations relating to rules of procedure providing, in relevant part, that:

> It shall be the duty of the board to hear appeals arising from claims for compensation, adopt, amend or rescind such rules of procedure . . . as it deems necessary and consistent with this act. Such rules of procedure shall be effective in such a manner as the board shall prescribe and shall not be inconsistent with this act.

---

[6] 34 Pa. Code § 101.82(b)(1) provides that the filing date for a written appeal will be determined as follows:

> (i) The date of the official United States Postal Service postmark on the envelope containing the appeal. . . .
>
> (ii) If there is no official United States Postal Service postmark . . . the date of a postage meter mark on the envelope containing the appeal.
>
> (iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the Board when it receives the appeal.

5

43 P.S. § 763(d). Pursuant to this power, the Board adopted regulations that provide that the date an appeal is filed is determined by what method a claimant decides to utilize to take the appeal. Other than filing by mail, this regulation provides that the filing date is determined to be when the item is received. Regarding electronic filing, 34 Pa. Code § 101.82(b)(4) provides that "[t]he date of filing is the receipt date recorded by the Department appeal office or the Board's electronic transmission system . . ."[7]

Because "[t]he Board is bound to follow its own regulations in determining the perfection date of an appeal," *Edwards v. Unemployment Compensation Board of Review*, 639 A.2d 1279, 1281 (Pa. Cmwlth. 1994) (citing *Costello v. State Employee's Retirement Board*, 596 A.2d 260 (Pa. Cmwlth. 1991), and the appeal here was untimely, the Board properly found that it was without jurisdiction to hear Claimant's appeal.

**B.**

Without saying so, what Claimant appears to be contending is that 34 Pa. Code § 101.82(b)(4) is invalid because there is no rational basis for not accepting a Google Gmail timestamp as evidence that he sent his appeal at 11:59:46 p.m. on April 22, 2016, while accepting a U.S. postmark for mailed appeals.

---

[7] This Court has held that validly promulgated regulations "have the same force as statutory provisions," and that regulatory time limits "should be given the same effect as mandatory time provisions appearing in [a] statute, as both serve the useful function of providing for finality in the administrative process." *Mayer v. Unemployment Compensation Board of Review*, 366 A.2d 605, 607 (Pa. Cmwlth. 1976).

Taking an appeal by mail gave claimants and employers across the Commonwealth who did not live near a Board office the same access to take an appeal – a post office. Moreover, unlike private or electronically placed timestamps, U.S. postmarks are accepted under the regulations because they are easy to determine, deemed reliable and are not subject to manipulation. *See UGI Utilities, Inc. v. Unemployment Compensation Board of Review*, 776 A.2d 344 (Pa. Cmwlth. 2001); *see also George v. Unemployment Compensation Board of Review*, 767 A.2d 1124, 1128 n.8 (Pa. Cmwlth. 2001), *overruled on other grounds by Diehl v. Unemployment Compensation Board of Review (ESAB Group, Inc.)*, 57 A.3d 1209 (Pa. 2012).

The rule that a mailed appeal is filed when it is "sent" has no application to that portion of the regulation involving an electronic filing, which fixes the date of the appeal to when it is "received" by the Board's electronic transmission system. When this electronic filing method is used, all filers are on equal footing in having access to the electronic filing system. And like filing in person, an electronic filing is only perfected when the appeal is received at one of the Board's offices – not when an appellant began his journey to the Board's office, when he signed through security, or when he came up to the counter and placed his name on the list to be served. Simply, the filing date is when the Board actually receives the appeal.[8] This is also the same rule as applied by the courts of this Commonwealth in determining when appeals are timely filed.[9]

---

[8] Even if we could ignore that the regulation provides that an electronic appeal is filed when it is received, and even if we conflate filing by mail with filing electronically, we cannot look backwards to say that Claimant's appeal had to be timely filed because it was received exactly at 12:00 a.m. on April 23, 2016, and, because transmission does not occur **(Footnote continued on next page…)**

_____

**(continued…)**

instantaneously, the appeal had to be timely sent on April 22, 2016, the last day for timely filing his appeal. In *Hanna v. Zoning Board of Adjustment of Pittsburgh*, 437 A.2d 115 (Pa. Cmwlth. 1981), the issue was whether events subsequent to the mailing of a zoning board decision could serve to calculate the beginning of an appeal period when there was no date of mailing on that decision. We rejected that argument, holding that the time for appeal did not begin to run unless there was a date of mailing on the Board's decision. We did so because it provided certainty to the appellant regarding when an appeal had to be taken. *Id.* at 118; *see also Schmidt v. Commonwealth of Pennsylvania*, 433 A.2d 456 (Pa. 1981). The argument we rejected in *Hanna* is no different than one that says that if a claimant delivered the letter to the post office at 11:59:46 p.m. but it was not postmarked until 12:00 a.m. the following day, it should be considered timely filed.

[9] If accepted, Claimant's contention that there is no rational basis to treat electronic filings differently than mail filings will also have an impact on how appeals are taken under the Pennsylvania Rules of Appellate Procedure and a Pennsylvania Supreme Court order regarding electronic filing. This is because, like the Board's regulations, except for mailing in certain proscribed circumstances, the day and time notice is received is the date an appeal is taken.

Pa.R.A.P. 905(a)(3) deals with appeals from common pleas court orders to an appellate court. It requires that the appeal be filed with the prothonotary or clerk of that common pleas court and the date of the appeal is "[u]pon receipt of the notice of appeal the [common pleas] clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken . . ."

Pa.R.A.P. 1514(a) deals with the filing of an appeal to this Court from an agency such as the Board. Here, the requirements for mailing are more stringent than those contained in the Board's regulation because a postmark does not fix the date of mailing unless accompanied by United States Postal Service Form 3817, Certificate of Mailing.

The requirement for electronically appealing an agency adjudication is not set forth in the Rules of Appellate Procedure, but instead by an order of our Supreme Court dated January 6, 2014. *See In re: Electronic Filing System in the Appellate Courts* (Pa., No. 418, filed January 6, 2014). It provides that when a party appeals an agency adjudication electronically, the manner states in I (B) "The electronic filing must be **completed** by 11:59:59 p.m. EST/EDT to be considered filed that day." (Emphasis added.) Under our Supreme Court's order then, it is not when the appeal is transmitted, not when the appealing party gains access to the court's electronic system, not when the appealing party begins to file the appeal, but only when it is "completed." Only then will the appeal be considered "received."

Because in adopting 34 Pa. Code § 101.82(b)(4) the Board was acting within its scope as a delegated rulemaking authority and had a rational basis for making the receipt by the Board's electronic transmission system the operative filing date for when the appeal was deemed filed, the Board properly found that regulation was not inconsistent with Section 502 of the Law.

## C.

Claimant also argues that the Board erred by failing to consider the possibility that its own time of receipt of the email appeal as recorded in its computer system could have been inaccurate. Aside from the fact that this argument is purely speculative, it ignores that 34 Pa. Code § 101.82(b)(4) specifically provides that the date an appeal is received is the date it is logged, and that Claimant assumed the risk that his electronically submitted appeal would not be properly time-stamped. In *Roman-Hutchinson v. Unemployment Compensation Board of Review*, 972 A.2d 1286 (Pa. Cmwlth. 2009), the claimant similarly contended that something in the email system went awry which led to the Department's failure to receive her timely-sent email appeal. As here, the claimant submitted proof that her appeal was sent within the time limit. Nonetheless, we found that 34 Pa. Code. § 101.82(b)(4) contemplates a malfunction in an email delivery system and places the risk of an untimely filing on the claimant by providing that the party filing an appeal "accepts the risk that the appeal may not be properly or timely filed."[10]

---

[10] Claimant has not sought a *nunc pro tunc* appeal and does not specifically allege that there was any sort of administrative breakdown which caused the delay. While he speculates about the possibility that the Board's date of receipt was inaccurate, even if he made out that claim, the failure of an email transmission does not constitute an administrative breakdown. *See* **(Footnote continued on next page…)**

9

Claimant should have taken the time to prepare the appeal with more than 14 seconds to be received by the Board's electronic transmission system. Presciently, an Explanatory Comment for Pa.R.C.P. No. 205.4, relating to the electronic filing and service of legal papers, also provides that having the filing party assume the risk that an electronically filed document might not be properly filed is:

> [B]ased upon the concern that the immediacy of the electronic transfer of legal papers may foster increased dependency upon last-minute preparation and filing, leaving insufficient time in which to remedy either a deficiency in the legal paper being filed or the inability to effectuate the filing.

Explanatory Comment—1999, Pa.R.C.P. No. 205.4(e)(1).

Accordingly, for the foregoing reasons, we affirm the Board's order dismissing Claimant's appeal as untimely.

_____
DAN PELLEGRINI, Senior Judge

_____
**(continued…)**

*Zellman v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1588 C.D. 2007, filed January 31, 2008).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frederick W. Chapman,          :
            Petitioner        :
                              :
         v.             : No. 1405 C.D. 2016
                              :
Unemployment Compensation    :
Board of Review,            :
            Respondent     :

# **O R D E R**

AND NOW, this <u>13</u><sup>th</sup> day of <u>June</u>, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.

 

_____
DAN PELLEGRINI, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frederick W. Chapman, : 
          Petitioner : 
           : 
          v. :   No. 1405 C.D. 2016
           :   Submitted:  March 31, 2017
Unemployment Compensation : 
Board of Review, : 
          Respondent : 


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** Judge
                 **HONORABLE JULIA K. HEARTHWAY,** Judge
                 **HONORABLE DAN PELLEGRINI,** Senior Judge


**DISSENTING OPINION BY**
**JUDGE COHN JUBELIRER**                **FILED:  June 13, 2017**


     At the stroke of midnight, at the instant the Unemployment Compensation Board of Review's (Board) server's clock moved from April 22, 2016 to April 23, 2016, Frederick W. Chapman's (Claimant) appeal challenging the decision of an Unemployment Compensation Referee, arrived at that server.  The Referee's decision had been *sent* by mail to Claimant on April 7, 2016, and therefore his appeal had to be filed by April 22, 2016.  The Board acknowledged in its Decision that Claimant *sent* his appeal at 11:59 p.m. on April 22, 2016.  However, because the appeal was received at 12:00 a.m., April 23, 2016, the Board found Claimant's appeal was untimely.  (Board Decision at 2.)  The majority affirms, but, under these unique circumstances, I respectfully disagree.

     The date an appeal *is sent* can be used for determining the timeliness of an appeal filed by mail.  In fact, the preferred order in determining the filing date of a mailed appeal is the *mailing date* identified on the official U.S. Postal Service

postmark or postage meter mark on the envelope containing the appeal, or a U.S. Postal Service Form 3817 or certified mail receipt. 34 Pa. Code § 101.82(b)(1). Only if the date mailed cannot be ascertained from one of these methods is the appeal considered filed when received. See also 34 Pa. Code § 101.82(b)(2) (using the date an appeal is delivered to a common carrier if that date is "established by a document or other record prepared by the common carrier in the normal course of business").

Had Claimant found a post office open at that hour, and had his appeal been postmarked at 11:59 p.m., it would have been timely. However, because Claimant emailed his appeal, there is no postmark. Claimant did bring to the hearing his "Google time[ ]stamp" showing that the email was sent at 11:59:46 p.m. on April 22, 2016.[1] (Claimant's Petition for Appeal from Referee's Decision with Attachments, R. Item 11, Board Exs. B9-B10; Email to Board Requesting a Hearing on Timeliness, R. Item 13, Board Exs. B4-B5.) And, importantly, there is a time stamp from the *Board's own server* indicating *receipt* of the appeal at 12:00 a.m.; the appeal thus had to have been sent prior to 12:00 a.m. However, the Board's regulations treat emailed appeals differently from mailed appeals by providing that the emailed appeals are filed when received, never when they are sent.

The majority justifies this difference with two explanations. It first posits that allowing the taking of an appeal by mail equalizes appellate access between those who were located near a Board office and those who are not because both could now go to a post office to file an appeal. Chapman v. Unemployment Comp.

---

[1] The Board stated in its decision that Claimant presented evidence that he sent the email at 11:59 p.m. on April 22, 2016. (Board Decision at 2.)

<u>Bd. of Review</u> (Pa. Cmwlth., No. 1405 C.D. 2016, filed June 13, 2017), slip op. at 7.  The person who went to the Board office would perfect the appeal when it was submitted to the filing office; the person who went to the post office could perfect the appeal when it was submitted to the mail delivery system.  However, the majority does not convincingly explain why those who submit their appeal via computer likewise should not perfect their appeal when it is submitted to the electronic mail delivery system.

The majority also justifies the difference because, unlike a U.S. Postal Service postmark, which is easy to determine and deemed reliable, an electronically-placed time stamp is subject to manipulation.  <u>Id.</u> (citing <u>UGI Utilities, Inc. v. Unemployment Comp. Bd. of Review</u>, 776 A.2d 344, 347 (Pa. Cmwlth. 2001); <u>George v. Unemployment Comp. Bd. of Review</u>, 767 A.2d 1124, 1128 n.8 (Pa. Cmwlth. 2001), <u>overruled on other grounds by</u> <u>Diehl v. Unemployment Comp. Bd. of Review (ESAB Grp., Inc.)</u>, 57 A.3d 1209 (Pa. 2012)).  Whether or not electronically-placed time stamps may be subject to manipulation and, therefore, not reliable, is *irrelevant to this case* because there is no need to rely on the Google time stamp.  Claimant's appeal was received at 12:00 a.m. on April 23, 2016, and the transmission does not occur instantaneously.  Claimant therefore necessarily had to have sent the appeal *before* 12:00 a.m., and thus it *had to have been sent before midnight on April 22*, 2016, the last day for timely filing his appeal.

Any perceived unreliability of time stamps from private fax or email systems is not applicable here because the focus is not on the Google time stamp, but on the *Board's time stamp*.  There can be *no* question in this unusual situation that Claimant in fact pressed the send button on his keyboard and in fact sent the appeal

to the Board *on the 15th day*, as required by Section 502 of the Unemployment Compensation Law (Law).[2] The Board did not discredit Claimant's evidence that he sent the email at 11:59 p.m. on April 22, 2016, or find that this evidence was unreliable. Instead, it concluded that, notwithstanding this evidence, it "ha[d] no discretion to use the sent time as the appeal date" because of its regulation. (Board Decision at 2.) Notwithstanding this, the practical and realistic approach I would use here is consistent with this Court's precedent. See, e.g., Wright v. Unemployment Comp. Bd. of Review, 41 A.3d 58, 67 (Pa. Cmwlth. 2011) (reversing a Board decision that found a faxed appeal untimely because the claimant had presented uncontroverted evidence that he timely transmitted his appeal, although the appeal was not found in the Board's records, and the Board had capriciously disregarded this uncontroverted evidence).

The majority cites Hanna v. Zoning Board of Adjustment of Pittsburgh, 437 A.2d 115 (Pa. Cmwlth. 1981), as supporting its position. Hanna, however, emphasizes the importance of the public's right to appeal an adverse government agency's determination. There, a local agency did not identify the specific "mailing date" on its decision, although the decision itself was dated and that date was listed on an accompanying letter. Id. at 116. The appellant did not file his appeal timely, and so the appeal was quashed. Id. This Court reversed, holding that there is an implicit duty on an agency to advise the parties of the mailing date to ensure that an aggrieved party knows, with certainty, the time remaining in which to file an appeal or petition for review. Id. at 117 (citing Schmidt v. Commonwealth, 433 A.2d 456, 458 (Pa. 1981)). I do not interpret a decision that

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 822.

imposes an affirmative duty on government agencies to provide the public with the date a decision is placed in the mail so that any appeal rights can be timely exercised, as requiring us to extinguish such rights.

Although I appreciate the majority's concern that this approach would impact appeals filed under the Pennsylvania Rules of Appellate Procedure (Appellate Rules), I believe this approach is more consistent with those Rules than the majority's. In Miller v. Unemployment Compensation Board of Review, 476 A.2d 364 (Pa. 1984), our Supreme Court reversed an order of this Court quashing a petition for review because it had not been timely filed. The Court stated that it "ha[s] long refused to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the [Law] are involved" and that "[d]ismissals are particularly disfavored." Id. at 366-67. Acknowledging that the petition did not comply with Appellate Rules, the Supreme Court "nevertheless reverse[d] on the peculiar facts of th[e] case." Id. at 365. It held that

> adherence to . . . [jurisdictional] rules [regarding the timely filing of appeals that] prescribe[] the only evidence of timely mailing which will be acceptable should not result in dismissal *if timeliness can be determined by reference to the internal records of the court*, and petitioner's counsel can bring the relevant facts and records which show timeliness to the court's attention, without the necessity of an evidentiary hearing.

Id. (emphasis added). Accordingly, the Court concluded that

> where the record shows clearly and without dispute that a petition for review was timely mailed prior to the 30-day jurisdictional deadline, where counsel for the appellant apprises the court of the record in that respect and timeless can be determined from an examination of the records of the court, a fair and just interpretation of our rules makes a dismissal improper.

Id. at 367. The conclusion that, based on the Board's own internal records and the "peculiar facts" here, Claimant's appeal had to have been "timely [e]mailed prior to the [15]-day jurisdictional deadline," id. at 365, 367, is consistent with the principles espoused in Miller and would not impact, negatively or otherwise, the filing of appeals under the Appellate Rules.[3]

Because Claimant had to have submitted his appeal, as required by Section 502 of the Law, on the 15th day for it to have been time stamped as received precisely at 12:00 a.m. on the 16th day, I would hold that Claimant's appeal was timely and, therefore, would remand for the Board to consider Claimant's appeal. To do otherwise unnecessarily elevates form over substance and disregards the importance of allowing the public to utilize *all* means provided, within the *full* time period allowed, to file an appeal. This is particularly true where the appeal period, 15 days measured from the *date the decision is placed in the mail*, is so brief and is rarely ever, due to the realities of the postal system, the *full* time period allowed by the Law. For these reasons, I respectfully dissent.

**RENÉE COHN JUBELIRER,** Judge

---

[3] Although Miller has not been extended to the Board's unemployment compensation regulations, see Gannett Satellite Information Network, Inc. v. Unemployment Compensation Board of Review, 661 A.2d 502, 504-05 (Pa. Cmwlth. 1995) (holding that Miller does not apply to appeals filed pursuant to administrative agency regulations), I believe that a similar practical and realistic approach has been recognized in unemployment compensation appeals under the Board's regulations. See, e.g., Wright, 41 A.3d at 67.