IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Barbara Scavitto, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | No. 1079 C.D. 2017 |
| Respondent | : | Submitted: March 8, 2018 |

BEFORE:     HONORABLE ROBERT SIMPSON, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  April 5, 2018

Barbara Scavitto (Claimant) petitions for review of the June 28, 2017 determination of the Unemployment Compensation Board of Review (Board) denying Claimant's request to reconsider its May 10, 2017 decision and order because her request was untimely filed.  Upon review, we affirm.

Claimant was terminated by NutriSystem (Employer) on March 5, 2015 for unsatisfactory work performance.  Certified Record (C.R.) Item No. 3; Employer Questionnaire, Question Nos. 1 & 6.   Claimant applied for unemployment compensation benefits.  For the week ending March 28, 2015 through the week ending June 27, 2015, Claimant received $13,598 in unemployment compensation benefits.  C.R. Item No. 5, Notice of Determination of Benefit Overpayment of Benefits (Fault or Nonfault) at 1.

After paying the benefits, on August 12, 2016, the Erie Unemployment Compensation Service Center (Center) issued to Claimant, at an address in Hatfield, Pennsylvania, an Advanced Notice that provided:

> **THIS IS TO NOTIFY YOU THAT THE UNEMPLOYMENT COMPENSATION BENEFITS YOU MAY HAVE BEEN RECEIVING <u>MAY BE</u> TEMPORARILY OR PERMANENTLY TERMINATED BECAUSE YOU <u>MAY HAVE</u>:** . . . Been discharged or suspended from work for willful misconduct.

C.R. Item No. 2, Advanced Notice at 1 (emphasis in original). The Advanced Notice requested completion and return of the attached questionnaire by no later than August 19, 2016, noting that "**[f]ailure to do so may result in the immediate termination of benefits and the assessment of an overpayment for benefits already paid.**" *Id*. (emphasis in original).

On November 23, 2016, the Center mailed to Claimant at the Hatfield, Pennsylvania address, a Notice of Determination concluding that Claimant no longer qualified for unemployment compensation benefits because Employer discharged Claimant for unsatisfactory work performance and Claimant did not meet her burden of showing "good cause" for her unsatisfactory work performance. The Notice of Determination stated that Claimant had until December 8, 2016 to appeal. The Center provided Claimant with detailed "**APPEAL INSTRUCTIONS**" as part of the determination. C.R. Item No. 5, Notice of Determination at 1 (emphasis in original). The Center also mailed to Claimant, at the same Hatfield address, a Notice of Determination Overpayment of Benefits (Fault or Nonfault) which noted that a

fault overpayment had been established and stated that Claimant had until December 8, 2016 to appeal the overpayment determination.[1]

On January 30, 2017, over a month after the appeal deadline, Claimant appealed the Center's determinations. In her appeal, Claimant asserted that she was not fired for willful misconduct. C.R. Item No. 6, Petition for Appeal at 1. Thereafter, the Referee held a hearing on the matter where Claimant indicated that she received the Advanced Notice, dated August 12, 2016, but that it did not contain a questionnaire for her to complete. C.R. Item No. 9, Transcript of Testimony, 2/23/17 at 8. Claimant also testified that she never received the November 23, 2016 Notice of Determination, although Claimant confirmed that her address was the same Hatfield address to which the notices were sent. *Id*. at 1, 6 & 9.

On February 27, 2017, the Referee issued a decision and order concluding that Claimant's appeal was untimely. Although Claimant testified that she did not receive the determinations, the Referee found that the determinations were sent to her last address, which she confirmed. Thus, the Referee presumed Claimant received the determinations, citing the mailbox rule.[2] Claimant appealed the Referee's decision to the Board, which affirmed.

The Board, in its May 10, 2017 decision and order, adopted the Referee's findings including that: "There is no evidence that the claimant was

---

[1] The overpayment determination provided that "**[i]f you disagree with this determination, you may appeal. If you want to file an appeal, you must do so on or before the date shown above [DEC 08, 2016]. See enclosed APPEAL INSTRUCTIONS, Form UC-47.**" C.R. Item No. 5, Notice of Determination Overpayment of Benefits (Fault or NonFault) at 1 (emphasis in original).

[2] "[U]nder the 'mailbox rule,' evidence that a letter has been mailed ordinarily will be sufficient to permit a 'fact finder' to find that the letter was, in fact, received by the party to whom it was addressed." *Roman-Hutchinson v. Unemployment Comp. Bd. of Review*, 972 A.2d 1286, 1288 n.3 (Pa. Cmwlth. 2009).

misinformed or misled by the unemployment compensation authorities regarding her right to appeal or the necessity of appealing." *See* Board's Findings of Fact No. 6. The Board included with its decision an appeal and reconsideration notice which provided that an appeal to Commonwealth Court must be filed "within 30 days of the mailing date of the Board's disposition" and that a request for reconsideration must be submitted to the Board no later than 15 days after the decision mailing date. C.R. Item. No. 12, Board's Decision and Order, 5/10/17 at 3.

Based on the notice attached to the Board's decision and order, Claimant's request for reconsideration was due by no later than May 25, 2017, the mailing date plus 15 days. Claimant requested reconsideration from the Board by submitting a document entitled "Affidavit." C.R. Item No. 13, Affidavit at 1 & 2. On its face, Claimant's Affidavit was dated June 15, 2017, although Claimant had it notarized on June 19, 2017. An employee of the Office of Legislative Affairs for the Department of Labor and Industry received Claimant's request by email on June 19, 2017 and forwarded it to a program analyst with the Board by email dated June 28, 2017. C.R. Item No. 13, Email Exchange Between Nathan Clark and Dianna Davis, Regarding Legislative Inquiry: Scavitto, 6/28/17 at 1.

On June 28, 2017, the Board notified Claimant that her request for reconsideration was untimely filed and stated:

> Our rules of practice and procedure provide that timely requests for reconsideration must be filed within fifteen (15) days after the issuance of the Board of Review's decision (34 Pa. Code §101.111).
>
> Since your communication **was received June 19, 2017**, the Board instructed me to advise you that your request for reconsideration was not timely filed. The above decision [of May 10, 2017], therefore, **stands as the Board's final order**.

4

I regret that we cannot give you a more favorable reply.

C.R. Item No. 14, Letter from Unemployment Compensation Appeals System Administrator, Randall S. Brandes, for the Board dated June 28, 2017 (emphasis in original).

On July 7, 2017, Claimant, *pro se*, petitioned this Court for review. Claimant attached a copy of the Board's June 28, 2017 letter to her request. In response, on September 12, 2017, the Board filed a Motion to Quash Petition for Review for Untimeliness. By order dated October 10, 2017, this Court denied the Board's request to quash Claimant's petition for review. The order provided, in relevant part, as follows:

> it appearing that petitioner's pro se communication to this Court was timely from respondent's June 28, 2017 denial of reconsideration, the motion to quash is denied. *See* 42 Pa. C.S. § 5105(a)(2). Petitioner's appeal shall be limited to the denial of reconsideration.

Title 34, Part VI, Chapter 101 of the Pennsylvania Code provides the rules of practice and procedure governing proceedings before the Board. 34 Pa. Code §§ 101.1-101.133. Section 101.111 governs reconsideration requests and provides as follows:

> (a) *Within 15 days after the issuance of the decision of the Board*, as may be determined by the provisions of § 101.102 (relating to form and filing of application for further appeal from decision of referee), *any aggrieved party may request the Board to reconsider its decision* and if allowed, to grant further the opportunity to do the following:
>
> (1) Offer additional evidence at another hearing.

(2) Submit written or oral argument.

(3) Request the Board to reconsider the previously established record of evidence.

(b) The requests will be granted only for good cause in the interest of justice without prejudice to any party. The parties will be notified of the ruling of the Board on each such request. The request for reconsideration and the ruling of the Board shall be made a part of the record and subject to review in connection with any further appeal to the Commonwealth Court.

34 Pa. Code § 101.111 (emphasis added). As noted above, the regulations expressly provide that any aggrieved party, the claimant, may "[w]ithin 15 days after the issuance of the decision of the Board" request reconsideration. *Id*. The reconsideration request and the Board's ruling "shall be made a part of the record" and are subject to review by this Court. *Id*.

Time limits set forth in agency regulations are normally mandatory. *Mayer v. Unemployment Comp. Bd. of Review*, 366 A.2d 605, 607 (Pa. Cmwlth. 1976) (citing *Unemployment Comp. Bd. of Review v. Buongiovanni*, 345 A.2d 783 (Pa. Cmwlth. 1975)). Fraud, negligence of an administrative official, breakdown in administrative process[3] or extraordinary circumstances may, if present, excuse an otherwise untimely appeal. *Bd. of Sch. Dirs. of Avon Grove Sch. Dist. v. Dep't of Educ.*, 375 A.2d 851, 853 (Pa. Cmwlth. 1977); *Mayer*, 366 A.2d at

---

[3] The "administrative breakdown" exception to allow an untimely appeal includes "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (citing *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000)). *Nunc pro tunc* relief may be granted when "a referee's decision is mailed to an incorrect address; adequate assistance is not provided to a claimant with cognitive impairment; or, an official misleads a litigant as to the proper procedure for filing an appeal." *Hessou*, 942 A.2d at 198 (citations omitted).

607 (citing *Unemployment Comp. Bd. of Review v. Ferraro*, 348 A.2d 753 (Pa. Cmwlth. 1975)). Likewise, certain "non-negligent circumstances" resulting in an untimely appeal may be excused. *See Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996) (holding that an untimely appeal may be permitted where claimant filed an appeal four days late because he had an unexpected multiple day stay in the hospital).

Here, attached to the Board's May 10, 2017 order was a one page document providing instructions to Claimant on how to make a request to the Board to reconsider its decision. The Board's order mailing date was May 10, 2017; thus, the reconsideration request was due no later than May 25, 2017. The certified record shows that Claimant did not request reconsideration from the Board until June 19, 2017, when an employee of the Department of Labor and Industry indicated that he received the request and forwarded it to a Board analyst. C.R. Item No. 13, Claimant's Request for Reconsideration, 6/15/17. Claimant's request was late and therefore untimely.

Claimant provides no reason as to why she filed her request for reconsideration late. Despite this Court's October 10, 2017 order stating that Claimant's "appeal shall be limited to the denial of reconsideration," the arguments set forth in Claimant's brief challenge the merits of the Board's May 10, 2017 order rather than its denial of reconsideration. Because Claimant has provided no reason why her reconsideration request was late, she failed to establish that there were any circumstances that would excuse her untimely reconsideration request.

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Scavitto,                          :
                        Petitioner          :
                                            :
        v.                                  :
                                            :
Unemployment Compensation                   :
Board of Review,                            :     No. 1079 C.D. 2017
                        Respondent          :

# O R D E R

AND NOW, this 5th day of April, 2018, the determination of the Unemployment Compensation Board of Review dated June 28, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge